sion of the District Court is, therefore, AFFIRMED.

**Riley Bradford WHITE,**
**Petitioner–Appellant,**

v.

**Larry MEACHUM; Oklahoma**
**Department of Corrections;**
**Respondents–Appellees.**

No. 86–2731.

United States Court of Appeals,
Tenth Circuit.

Feb. 5, 1988.

Riley Bradford White, pro se.

Robert H. Henry, Atty. Gen., of Oklahoma, and Michael W. Elliott, Asst. Atty. Gen. of Oklahoma, Oklahoma City, Okl., for respondents-appellees.

Before LOGAN, SEYMOUR, and ANDERSON, Circuit Judges.

SEYMOUR, Circuit Judge.

Riley Bradford White, a prisoner in the custody of the Oklahoma Department of Corrections appearing pro se, appeals the United States District Court for the Western District of Oklahoma's dismissal of his 42 U.S.C. § 1983 case. He alleges that the Department of Corrections' method of computing his good time credits violates the ex post facto clause, Art. I, sec. 9, cl. 3, of the United States Constitution. The district court construed the complaint as a petition for a writ of habeas corpus and dismissed it for failing to exhaust state remedies. We affirm for the reasons stated below.[1]

White began by pursuing informal methods to correct the Department of Corrections' allegedly unconstitutional good time credit policy. After writing several letters which failed to resolve the problem, he filed an action in the district court for the County of Pittsburg, Oklahoma asserting that the Department of Corrections' policy for calculating his good time credit violates the Constitution's ex post facto clause as interpreted in *Weaver v. Graham*, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981). Although the state filed an elaborate brief on the merits, the state court dismissed the claim without opinion. White failed to

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.8 and 27.1.2. The cause is therefore ordered submitted without oral argument.

timely appeal pursuant to Okla.Stat. tit. 22, § 1087 (1981).

White next attempted to obtain relief by filing an action in federal court asserting the identical claim denied by the state habeas court. The district court dismissed for failure to exhaust state remedies at least in part because the petition failed to indicate that the state habeas court had issued a final ruling. On appeal, the state argues that although the petitioner's state case was in fact dismissed, dismissal of the federal claim is nonetheless appropriate on exhaustion grounds because of petitioner's failure to appeal.

In order to satisfy the exhaustion requirement, a petitioner is ordinarily required to show either that a state appellate court has had an opportunity to rule on the same claim presented in federal court, *Smith v. Atkins*, 678 F.2d 883, 884–85 (10th Cir.1982) (per curiam), or that at the time he filed his federal petition he had no available state avenue of redress, *see Anderson v. Harless*, 459 U.S. 4, 8, 103 S.Ct. 276, 278, 74 L.Ed.2d 3 (1982) (per curiam). The rationale for this requirement is that state courts will enforce the federal constitution as fully and fairly as a federal court. *See Duckworth v. Serrano*, 454 U.S. 1, 3–4, 102 S.Ct. 18, 19–20, 70 L.Ed.2d 1 (1981) (per curiam). Absent some reason to believe otherwise, we must assume that if given the chance, Oklahoma's courts will provide White with the same careful consideration he would receive before us. *Id.*

White's time for appeal to the Oklahoma Court of Criminal Appeals has run. Under Oklahoma law, however, that court may nevertheless have jurisdiction to address the merits of White's federal constitutional claim. In cases involving failure to file direct appeals, Okla.Stat. tit. 22, § 1086 (1981) has been interpreted by the Oklahoma courts to permit the Court of Criminal Appeals to hear time barred appeals if the petitioner follows certain procedures. *Webb v. State*, 661 P.2d 904, 905 (Okla. Crim.App.), *cert. denied*, 461 U.S. 959, 103 S.Ct. 2434, 77 L.Ed.2d 1319 (1983); *Smith v. State*, 611 P.2d 276, 277 (Okla.Crim.App.

1980). One whose appeal is time barred must file "a post conviction application in the [state] District Court, where Findings of Fact and Conclusions of Law should be made as to whether [he] was denied a direct appeal through no fault of his own ... followed by an application, or 'appeal',.... filed in [the Oklahoma Court of Criminal Appeals], with the District Court findings and conclusions." *Smith*, 611 P.2d at 277.

Although the cited Oklahoma cases deal with failures to file direct appeals, we think Oklahoma may apply the same rule to the instant situation. White's claim could not have been raised at his trial; therefore, his appeal from denial of post-conviction relief is procedurally identical to a direct appeal. The appellate court has not had the opportunity to address the merits of his claim. Until White pursues this avenue, the possibility exists that the state appellate court, which has never been presented the issue he raises, will grant the relief he seeks. White must give the state appellate court this opportunity. *See Smith*, 678 F.2d at 884–85. If our interpretation of Oklahoma law is incorrect and/or White is not granted the relief he seeks in state court, he may renew his petition for habeas corpus in the federal district court.

We affirm the district court's dismissal of White's federal habeas petition.