937 F.2d 617
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Greg A. WOOLRIDGE, Plaintiff-Appellant,
v.
Stephen W. KAISER, Defendant-Appellee.
 No. 91-6027.
 United States Court of Appeals, Tenth Circuit.
 July 16, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Greg Allen Woolridge appeals from the denial of his petition for writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. For the reasons set forth below, we affirm.
 
 
 3
 Petitioner is currently serving a twenty-year sentence imposed by the district court of Cleveland County, Oklahoma, in case No. CRF-87-881. However, in support of his request for habeas relief, petitioner directed his attack on a fully expired conviction entered against him following a guilty plea in the district court of Oklahoma County, Oklahoma, in case No. CRF-81-5303. Petitioner alleged that the conviction in case No. 81-5303 was invalid for the following reasons:
 
 
 4
 GROUND ONE: "Petitioner was denied due process when he was not advised of his right to appeal the judgment of conviction and sentence in CRF-81-5303."
 
 
 5
 GROUND TWO: "Petitioner was denied due process, equal protection of the law and his constitutional right to be informed when the amended information was void as not stating a public offense due to its failure to list all the elements of unlawful possession of a controlled dangerous substance (dilaudid)."
 
 
 6
 GROUND THREE: "The guilty plea entered by Petitioner in CRF-81-5303 was involuntarily entered. The plea is involuntary under the constitutions of the United States and State of Oklahoma, as no one advised Petitioner of the rens ma (sic) elements of the offense and the trial court failed to esta-(sic) Petitioner's competence and that there was a factual basis."
 
 
 7
 The district court denied habeas relief on two alternative grounds. First, the district court, citing Maleng v. Cook, 490 U.S. 488 (1989), concluded that petitioner did not meet the "in custody" requirement under section 2254 because he was not in custody pursuant to the conviction in case No. 81-5303. See id. at 492. ("[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it."). According to the district court, petitioner failed to raise an issue for habeas relief because he did not explicitly allege that the sentence he was presently serving in case No. 87-881 was illegally enhanced by the conviction in case No. 81-5303. See Gamble v. Parsons, 898 F.2d 117, 118 (10th Cir.) ("As we read Maleng ... the attack must be directed toward the enhanced sentence under which the defendant is in custody.... [I]f the attack is so directed, the defendant may argue that his present sentence is improper because it has been enhanced by a prior unconstitutional conviction."), cert. denied, 111 S.Ct. 212 (1990). Second, the district court concluded that even if petitioner satisfied the "in custody" requirement, his alleged grounds for habeas relief lacked substantive merit.
 
 
 8
 On appeal, respondent urges that we affirm the district court on the ground that petitioner fails to satisfy the "in custody" requirement. However, although petitioner did not in his petition explicitly list his present sentence as the one under attack, he did make it clear in his "Response to Motion to Dismiss" that his current sentence had been enhanced by the prior conviction he sought to challenge. Rec. doc. 15 at 2-3. In our view, petitioner's habeas petition, when construed with the deference to which he is entitled as a pro se litigant, should be read as asserting a challenge to his present sentence to the extent that it has been enhanced by the allegedly invalid prior conviction. See Gamble, 898 F.2d at 118. As such, petitioner satisfies the "in custody" requirement of section 2254. Therefore, we will address the substantive merits of petitioner's alleged grounds for habeas relief.
 
 
 9
 As his first claim, petitioner alleges that he was not advised of his right to appeal in case No. 81-5303 by either the state trial court or his counsel. This claim is easily resolved. The state trial court was not constitutionally required to inform petitioner of his right to appeal. See Barber v. United States, 427 F.2d 70, 71 (10th Cir.), cert. denied, 400 U.S. 867 (1970); Crow v. United States, 397 F.2d 284, 285 (10th Cir.1968). Thus, the alleged failure of the state trial court to so inform petitioner does not state a claim for habeas relief. Similarly, "[a]n attorney has no absolute duty in every case to advise [the] defendant of his limited right to appeal after a guilty plea." Laycock v. New Mexico, 880 F.2d 1184, 1187-88 (10th Cir.1989). Therefore, the failure of counsel to notify petitioner of his right to appeal was not in and of itself ineffective assistance warranting habeas relief. Id. at 1188.[1]
 
 
 10
 As his second claim for habeas relief, petitioner asserts that the amended indictment he pled guilty to in case No. 81-5303 was fundamentally defective because it failed to list all the elements of the crime he was charged with (unlawful possession of a controlled substance, namely Dilaudid). The district court denied habeas relief concluding that the indictment was sufficient. On appeal, petitioner has not made any specific arguments challenging this determination. Therefore, we will not disturb the district court's rejection of petitioner's second claim for habeas relief.
 
 
 11
 Petitioner's final claim for habeas relief, liberally construed, raises two challenges to the validity of his guilty plea in case No. 81-5303. First, petitioner contends that his guilty plea was involuntary because he did not understand the nature of the charge against him. Petitioner maintains that his incomprehension stems from the failure of the state trial court to explain the exact nature of the crime he was charged with. Specifically, petitioner contends that he was never informed that his possession of Dilaudid must have been "knowing," "voluntary," and "unlawful" to constitute a criminal act.
 
 
 12
 In order for a guilty plea to be voluntary in a constitutional sense, a defendant must have a complete understanding of the charge against him. Marshall v. Lonberger, 459 U.S. 422, 436 (1983); Henderson v. Morgan, 426 U.S. 637, 645 n. 13 (1976). However, a specific inquiry by the trial court into the formal legal elements of the charged offense is not required. Worthen v. Meachum, 842 F.2d 1179, 1183 (10th Cir.1988). "[I]t may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit." Henderson, 426 U.S. at 647.
 
 
 13
 This presumption is clearly applicable to petitioner's guilty plea in case No. 81-5303. Although we do not have a transcript of the state trial court's acceptance of petitioner's guilty plea, the record does include a form which contains questions that were submitted by the state trial court to petitioner and answers inserted in blanks either by the state trial judge or a courtroom clerk. The completed form is signed by petitioner, his attorney, the district attorney, the state trial judge, and a courtroom clerk. The form is somewhat exhaustive. Specifically, the form inquires into whether petitioner and his attorney received a copy of the charge prior to pleading guilty, whether petitioner talked over the charge with his attorney, and whether petitioner was pleading guilty because he did the charged act. Petitioner answered yes to each of these questions. Petitioner's declarations carry a strong presumption of verity. See Blackledge v. Allison, 431 U.S. 63, 74 (1977).
 
 
 14
 Petitioner attempts to overcome his answers on the form by asserting that they were given pursuant to the instructions of his attorney, and he was not fully informed of the nature of the charge against him. In our view, petitioner's conclusory allegation fails to overcome the "formidable barrier" to collateral relief thrown-up as a result of his contrary representations on the record regarding his understanding of the nature of the charge against him. See id. (although "not invariably insurmountable," defendants' representations in open court "constitute a formidable barrier in any subsequent collateral proceedings.... [Thus,] subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal."); see, e.g., Worthen, 842 F.2d at 1183-84 (applying Blackledge's principle and rejecting collateral attack on plea premised on allegations inconsistent with representation made at plea hearing). Under the circumstances, petitioner can be presumed to have understood the nature of the charge against him in case No. 81-5303. See generally, Worthen, 842 F.2d at 1183.
 
 
 15
 As the second challenge to the validity of his guilty plea in case No. 81-5303, petitioner alleges that the state court failed to determine whether there was a factual basis for his plea. This claim, however, does not demonstrate a basis for habeas relief. In order to state a claim under section 2254, petitioner must allege a constitutional violation. Fed.R.Crim.P. 11 may dictate that a factual basis for a plea be established in federal court, but such a requirement is not constitutionally mandated so that the failure to comply is correctable in a federal habeas proceeding. Freeman v. Page, 443 F.2d 493, 497 (10th Cir.), cert. denied, 404 U.S. 1001 (1971). Only when the defendant claims his innocence while pleading guilty have state courts been constitutionally required to establish a factual basis for a plea. North Carolina v. Alford, 400 U.S. 25, 37-39 (1970). Here, petitioner did not protest his innocence while pleading guilty in case No. 81-5303.
 
 
 16
 Accordingly, the judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 FN1
 Petitioner did not allege that he ever asked or directed counsel to file an appeal or that he had been assured by counsel that an appeal would be filed. This omission is significant, as "counsel's failure to file a notice of appeal when so instructed by the client constitutes ineffective assistance of counsel for purposes of [28 U.S.C. Sec.] 2255." Estes v. United States, 883 F.2d 645, 648 (8th Cir.1989); see, e.g., Hannon v. Maschner, 845 F.2d 1553, 1558 (10th Cir.1988) (claim for relief stated under 28 U.S.C. Sec. 2254 where petitioner alleged that counsel failed to file an appeal after informing petitioner that he would do so); United States v. Winterhalder, 724 F.2d 109, 110-12 (10th Cir.1983) (relief under 28 U.S.C. Sec. 2255 appropriate where defendant was deceived into believing counsel was pursuing appeal, which appellate court eventually dismissed for failure to prosecute)