982 F.2d 528
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Albert W. BROWN, Petitioner-Appellant,
v.
ATTORNEY GENERAL OF the STATE OF OKLAHOMA; Stephen Kaiser,
Respondents-Appellees.
 No. 92-6250.
 United States Court of Appeals, Tenth Circuit.
 Dec. 3, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Albert Wesley Brown appeals an order of the United States District Court for the Western District of Oklahoma dismissing without prejudice his claim for habeas relief pursuant to 28 U.S.C. § 2254(b). The district court, on the Report and Recommendation of a magistrate judge, found Brown's petition to be a mixed petition under Rose v. Lundy, 455 U.S. 509 (1982), and therefore dismissed, giving the petitioner the option of either exhausting all of his state remedies or refiling only the exhausted claims. We exercise jurisdiction under 28 U.S.C. § 1291 and reverse and remand for further proceedings consistent with this decision.
 
 I. Background
 
 3
 Petitioner was convicted of Murder in the First Degree in the District Court of Wagoner County, Oklahoma. With the assistance of appointed counsel, he appealed directly to the Oklahoma Court of Criminal Appeals, asserting three grounds for reversal: (1) the lack of proper foundation for forensic hair analysis evidence; (2) prosecutorial misconduct; and (3) cumulative error. The appeals court affirmed the conviction, finding Brown's claims to be without merit. Brown v. State, 751 P.2d 1078 (Okla.Ct.Crim.App.1988).
 
 
 4
 Brown thereafter sought postconviction relief pursuant to the Oklahoma Post-Conviction Procedure Act, Okla.Stat.Ann. tit. 22, §§ 1080-89.7 (West 1986 & Supp.1993). Brown initially reasserted his claims for insufficient foundation and prosecutorial misconduct and added a claim for ineffective assistance of counsel. Brown later amended his petition to add a claim asserting the inadmissability of a .38 caliber revolver and a second claim for ineffective assistance of counsel, this one specifically arising from allegedly improper stipulations made by his trial counsel. In its order entered August 15, 1989, the court denied the foundation and misconduct claims as being fully and finally disposed of by the direct appeal and denied the first ineffective assistance claim as meritless. The court did not address the claims Brown added in his amended petition.
 
 
 5
 Brown apparently desired to appeal this decision to the Oklahoma Court of Criminal Appeals, but, because of a prison transfer, received the decision on September 6, 1989, with only nine of his allotted thirty days left to appeal. On September 19, 1989, petitioner moved the Court of Criminal Appeals for a thirty-day extension in which to appeal. On October 17, 1989, not having heard from the Court of Criminal Appeals, petitioner again applied for postconviction relief in the district court, asserting that he deserved a new hearing because he did not have time to appeal the prior postconviction decision. On January 14, 1992, the district court denied Brown's second application for postconviction relief and the Court of Criminal Appeals affirmed.
 
 
 6
 Brown then sought federal habeas relief, asserting four grounds for relief: (1) insufficiency of the evidence; (2) inadmissibility of the state's forensic expert's testimony; (3) prosecutorial misconduct; and (4) all of the claims for relief set out in his second application for postconviction relief filed with the Court of Criminal Appeals. His fourth claim thus contained five separate elements: (a) lack of foundation; (b) prosecutorial misconduct; (c) ineffective assistance of counsel; (d) inadmissibility of the .38 caliber revolver; and (e) ineffective assistance of counsel resulting from the allegedly improper stipulations. The state moved to dismiss the petition as a mixed petition. That issue was referred to a United States magistrate Judge, who determined that Brown's petition was indeed mixed. The Magistrate conceded that claims (3), (4a), and (4b) were exhausted because they were raised on direct appeal. He found, however, that Brown never presented claims (1), (2), (4c), (4d), and (4e) to the Oklahoma Court of Criminal Appeals. Brown countered that those claims were nevertheless "exhausted" because they were procedurally defaulted under Oklahoma law. The magistrate responded that Okla.Stat.Ann. tit. 22, § 1086 permits the review of procedurally defaulted claims where the petitioner can show "sufficient reason" for the failure to raise the claims in his earlier applications and determined that Brown was required to submit the claims to Oklahoma courts under that provision. The district court adopted the magistrate's Report and Recommendation and dismissed Brown's petition.
 
 II. Analysis
 
 7
 We review a district court's conclusions of law de novo. Hill v. Reynolds, 942 F.2d 1494, 1495 (10th Cir.1991). "[A] district court must dismiss habeas petitions containing both unexhausted and exhausted claims." Rose v. Lundy, 455 U.S. 509, 522 (1982). A claim is exhausted when it has been fairly presented to the highest state court which may consider it, Castille v. Peoples, 109 S.Ct. 1056, 1060 (1989), or when the claim is procedurally defaulted under applicable state law. Engle v. Isaac, 456 U.S. 107, 125-26 n. 28 (1982); see also White v. Meacham, 838 F.2d 1137, 1138 (10th Cir.1988).
 
 
 8
 Oklahoma provides for the direct appeal of a criminal conviction and affords additional relief under the Post-Conviction Procedure Act. Section 1086 of the Act provides:
 
 
 9
 All grounds for relief available to an applicant under this act must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the prior application.
 
 
 10
 Okla.Stat.Ann. tit. 22, § 1086. Under Oklahoma's scheme, then, direct review of the criminal conviction effectively exhausts the available state remedies because the defendant is "barred from asserting any claims which have been, or which could have been, raised previously in the direct appeal." Hale v. State, 807 P.2d 264, 267 (Okla.Crim.App.), cert. denied, 112 S.Ct. 280 (1991). New claims will be heard only if they fall within section 1086's two narrow exceptions: "those situations ... in which a 'sufficient reason' prevented the assertion of the error at trial or on direct appeal, such as a subsequent change in the law affecting the petitioner's case.... [or] when the bypass is occasioned solely by a procedural error of counsel." Jones v. State, 704 P.2d 1138, 1140 (Okla.Crim.App.1985).
 
 
 11
 The government concedes that issues (3), (4a), (4b), and (4c) were decided on direct appeal and will not be reconsidered by Oklahoma courts. These claims, having been fairly presented to the state's highest court, are exhausted. The state argues, however, and the district court found, that Mr. Brown has not fairly presented claims (1), (2), (4d), and (4e) to the state's highest tribunal and that, despite the general procedural default rule, state review may still lie under section 1086 of the Post-Conviction Relief Act. We disagree.
 
 
 12
 As to claims (4d) and (4e), the Oklahoma Court of Criminal Appeals, in its order entered March 18, 1992, expressly stated that petitioner had "failed to provide ... sufficient reasons concerning why these grounds for relief were not asserted or were insufficiently raised in prior proceedings." Accordingly, claims (4d) and (4e) have been exhausted.
 
 
 13
 Claims (1) and (2), raised for the first time in his habeas petition, require a different analysis. In claim (2), Brown asserts that the state's forensic evidence expert's testimony was identical to testimony struck down by the Oklahoma Court of Criminal Appeals in a subsequent case, McCarty v. State, 765 P.2d 1215 (Okla.Crim.App.1988). In claim (1), Brown alleges that, excluding the "inadmissible" expert testimony, the state's evidence was insufficient to support a conviction.
 
 
 14
 At first blush, Brown's second claim might appear to fall within the "new law" exception to the bypass rule, thereby affording state postconviction review. That exception, however, applies not where subsequent case law changes the results under an existing rule but where subsequent case law changes the results under an existing rule but where subsequent case law articulates a previously unrecognized constitutional protection. See Stewart v. State, 495 P.2d 834, 836 (Okla.Crim.App.1972) (criminal defendant raised constitutional right to counsel at postconviction review where that particular right to counsel was not recognized by Oklahoma courts at the time of his conviction); see also Coleman v. Saffle, 869 F.2d 1377, 1383 (10th Cir.1989) (interpreting section 1086), cert. denied, 494 U.S. 1090 (1990).
 
 
 15
 At the time of Brown's conviction, he clearly could have challenged the testimony as inadmissible, but, given the state's prior decisions in that area, elected to forego such a challenge. Moreover, McCarty neither stated a new constitutional rule nor even changed the interpretation or application of the existing rule. Postconviction review of the admissibility of the expert testimony is thus unavailable in an Oklahoma court under the "new law" exception to the bypass rule. To the extent that Brown's insufficiency of evidence claim could be raised on postconviction review on the coattails of the inadmissibility claim, it fails for the same reason. We therefore conclude that, under Oklahoma law, claims (1) and (2) are procedurally defaulted and therefore exhausted.
 
 
 16
 Because Mr. Brown's habeas petition is not a "mixed" petition, the district court must permit him to proceed.[1] Based on the foregoing analysis, the order of the district court dismissing petitioner's motion for habeas relief as a "mixed petition" is REVERSED and this case is REMANDED for further proceedings on the merits consistent with this opinion. Appellant's motion to proceed in forma pauperis and application for Certificate of Probable Cause are GRANTED. Petitioner's request for appointed counsel is DENIED.
 
 
 17
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 We note that our decision that Brown may proceed on habeas because his unpresented claims were procedurally defaulted is surely a pyrrhic victory. On remand, petitioner must demonstrate either "cause and prejudice" or that "failure to consider the claims will result in a fundamental miscarriage of justice" before the district court can hear the procedurally defaulted claims. Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991)