19 F.3d 1443
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Rick G. STALLINGS, Petitioner-Appellant,
v.
Robert J. TANSY, Warden, Respondent-Appellee.
 No. 93-2067.
 United States Court of Appeals, Tenth Circuit.
 Feb. 2, 1994.
 
 D.N.Mex.; No. Civ-90-720-JB/LFG.
 Before TACHA, BALDOCK, and KELLY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument. We find the petition for habeas corpus before us to be without merit and therefore affirm the district court's dismissal with prejudice.
 
 I. Background
 
 2
 Appellant, Rick G. Stallings, was convicted in New Mexico state court of aggravated assault based on an attack on a state prison guard. Pursuant to 28 U.S.C. Sec. 2254, Mr. Stallings brought a petition for a writ of habeas corpus in federal district court for the district of New Mexico. The district court dismissed the petition with prejudice. On appeal we remanded the case finding that it was not clear whether the state trial record, being relevant to several of petitioner's claims, was adequately reviewed by the district court in ruling on the petition. On remand, the district court once again dismissed the petition with prejudice. Mr. Stallings again appeals.
 
 II. Merits of Petitioner's Claims
 
 3
 In his petition as submitted to the district court, Mr. Stallings raised four claims as bases for relief. In his brief submitted to this court, Mr. Stallings discusses only three of these claims. We address all four of the points raised by Mr. Stallings in his original petition, however, because it is the denial of that petition which is on appeal and because Mr. Stallings appears pro se. Cf. Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (in the context of pleadings, stating that pro se submissions should be liberally construed); Ruark v. Solano, 928 F.2d 947, 949 (10th Cir.1991) (same).
 
 
 4
 In his petition, Mr. Stallings asserts that the state trial court violated his Fourteenth Amendment due process rights by: 1) refusing to instruct the jury on the lesser included offense of simple battery; 2) admitting into evidence the audiotaped statement of a witness, inmate Arthur Harris; 3) denying his motion for a directed verdict; and 4) allowing amendment of his indictment on the day of trial. Upon review, we find these grounds for habeas relief to be without merit for substantially the same reasons asserted in the December 22, 1992, magistrate judge's report as adopted by the district court. See Revised Magistrate Judge's Proposed Findings and Recommended Disposition [hereinafter Proposed Findings] (attached as an appendix to this order). We add only one note to that report here.
 
 
 5
 In addressing whether the change in the indictment from "broom stick" to "broom head"[1] is grounds for habeas relief, the magistrate judge cited as support Heath v. Jones, 863 F.2d 815 (11th Cir.1989), which forwards the proposition that "the sufficiency of a state indictment is an issue on federal habeas corpus only if the indictment was so deficient that the convicting court was deprived of jurisdiction," id. at 821. See Proposed Findings at paragraphs 11-12. We find this proposition to be inapposite to the case at issue. Mr. Stallings' objection with respect to his indictment has to do only with a change in wording. This raises questions not of sufficiency of the indictment but of the fundamental fairness of such a change in light of a defendant's effort to prepare a defense. We agree with the magistrate judge's report, however, that the change from the term "broom stick" to "broom head" did not materially alter the indictment nor did it prejudice Mr. Stallings in any way. Therefore, the change does not raise a cognizable constitutional claim.
 
 III. Conclusion
 
 6
 The district court's order dismissing Mr. Stallings' petition for writ of habeas corpus is AFFIRMED. The mandate shall issue forthwith.
 
 Appendix
 Dec. 22, 1992
 
 7
 REVISED MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED
 
 DISPOSITION[1]
 
 8
 GARCIA, United States Magistrate Judge.
 
 Proposed Findings
 
 9
 1. This matter is before the Court pursuant to an Order and Judgment entered by the United States Court of Appeals for the Tenth Circuit in Stallings v. Tansy, No. 92-2080 (10th Cir. November 5, 1992), remanding the case because the Court was uncertain whether the New Mexico trial record was considered when the case was decided. The docket sheet does not indicate whether or not the state court record has been filed.
 
 
 10
 2. The state court record was filed on January 21, 1992, but it was docketed in Ricky G. Stallings v. Robert Tansy, CIV No. 89-1191 JB/SGB. See attached Exhibit A. The state court record was considered when the Magistrate Judge's Proposed Findings and Recommended Disposition was filed February 27, 1992.[2]
 
 
 11
 3. This is a proceeding on a petition for writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. Petitioner, currently confined in the Penitentiary of New Mexico, located at Santa Fe, New Mexico, challenges the judgment and sentence of the First Judicial District Court, County of Santa Fe entered in State v. Stallings, No. SF-88-165(CR).
 
 
 12
 4. This Court determines that an evidentiary hearing is not necessary as it can be resolved on the basis of the record. The granting of such a hearing is within the discretion of the court, and this Court finds that a hearing is not necessary. See Brofford v. Marshall, 751 F.2d 845 (6th Cir.1985), cert. denied, 474 U.S. 872 (1985).
 
 
 13
 5. Petitioner presents the following grounds for review:
 
 
 14
 I. Whether the trial court erred in refusing to give an instruction on simple battery, contrary to due process embodied in the Fourteenth Amendment to the U.S. Constitution.
 
 
 15
 II. Whether it was error to admit the audio-taped statement of a witness contrary to due process entitlements in the Fourteenth Amendment of the U.S. Constitution.
 
 
 16
 III. Whether the court erred in denying defendant's motion for a directed verdict, contrary to due process entitlements in the Fourteenth Amendment to the U.S. Constitution.
 
 
 17
 IV. Whether it was error to allow amendment of the Indictment, contrary to due process entitlements in the Fourteenth Amendment to the U.S. Constitution.
 
 
 18
 Petitioner's Petition for Writ of Habeas Corpus, filed July 24, 1990.
 
 
 19
 6. As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. Sec. 2254(b) and (c). See generally, Rose v. Lundy, 455 U.S. 509 (1982). Exhaustion of a federal claim may be accomplished by either (a) showing the state's appellate court had an opportunity to rule on the same claim presented in federal court, or (b) that at the time he filed his federal petition, he had no available means for pursuing a review of his conviction in state court. White v. Meachum, 838 F.2d 1137, 1138 (10th Cir.1988); see also, Wallace v. Duckworth, 778 F.2d 1215, 1219; Davis v. Wyrick, 766 F.2d 1197, 1204 (8th Cir.1985), cert. denied, 475 U.S. 1020 (1986). "The question with respect to exhaustion is not merely whether [Petitioner] has in the past presented his federal claim to the state courts, but also whether there is, under the law of the [state], any presently available state procedure for the determination of the merits of the claim." Thomas v. Wyrick, 622 F.2d 411, 413 (8th Cir.1980). Respondent concedes, and this Court finds, that Petitioner meets the exhaustion requirements under the law.
 
 
 20
 7. Petitioner, through ground one, contends that the trial court erred in not instructing the jury on simple battery. Petitioner proffered an instruction on simple battery, but the court rejected the instruction and, instead, instructed the jury on aggravated battery. The criminal case arose out of an alleged attack on a guard with a broom. Petitioner denies striking the guard with a broom and takes the position that the only evidence of contact between himself and Officer Lopez, the guard he allegedly attacked, was that Petitioner was holding him in a bear hug and that Petitioner was trying to protect him. The offense with which Petitioner was charged concerned striking the guard with the broom. The state risked an acquittal if the jury did not believe Petitioner committed that act. Petitioner, too, denied striking the guard with the broom. There was no contention by either side that Petitioner battered the guard without a broom. Thus, the only options for the jury were conviction or acquittal. There was no evidence to support a lesser offense.
 
 
 21
 8. Habeas relief is generally not available for the failure to present a lesser included offense jury instruction in a non-capital case. See Poulson v. Turner, 359 F.2d 588, 591 (10th Cir.), cert. denied, 385 U.S. 905 (1966). Moreover, a state court jury charge is a matter of state law and therefore any alleged errors are not reviewable absent a showing that Petitioner was deprived of a federal constitutional right. In the instant action, Petitioner has made no such showing. Indeed, the New Mexico Court of Appeals, in affirming Petitioner's conviction, held that as a matter of state law, the evidence would not have supported the giving of an instruction on simple battery. The court found it persuasive that the charge of aggravated battery was based on the initial strike of the guard with a broom and not subsequent conduct. The evidence supported the giving of the instruction on aggravated battery and not simple battery. Petitioner's claim that he was denied due process by the refusal to give a simple battery instruction is without merit.
 
 
 22
 9. Petitioner also claims that the trial court erred in admitting into evidence the audio-taped statement of an inmate named Arthur Harris (Harris). Special Agent Dennis Rodriguez of the New Mexico State Police took an audiotaped statement of inmate Harris within hours after the incident. At trial, Harris, when questioned by the prosecution, could recall little about the incident. He did, however, acknowledge that a statement had been taken by the officer. The state, in response to Harris' inability to remember, had Special Agent Rodriguez testify about taking the statement. The court then allowed the tape recording to be played over Petitioner's objection as an 803(5) exception to the hearsay rule.
 
 
 23
 The committee commentaries to Rule 803(5) of the Federal Rules of Evidence state:
 
 
 24
 A hearsay exception for recorded recollection is generally recognized and has been described as having "long been favored by the federal and practically all the state courts that have had occasion to decide the question. United States v. Kelly, 349 F.2d 720, 770 (2nd 1965) ... The guarantee of trustworthiness is found in the reliability inherent in a record made while events were still fresh in mind and accurately reflecting them. [cites omitted].
 
 
 25
 10. State court evidentiary rulings are not grounds for relief in federal habeas proceedings " 'unless they render the trial so fundamentally unfair as to constitute a denial of federal constitutional rights.' " Chavez v. Kerby, 848 F.2d 1101, 1102 (10th Cir.1988) (quoting Brinlee v. Crisp, 608 F.2d 839, 850 (10th Cir.1979)). I examined the record and find that the playing of the recorded statement pursuant to 803(5) was not error nor did it render the trial fundamentally unfair so as to result in a denial of Petitioner's constitutional rights. The Court did not err in playing the tape as an exception to the hearsay rule.
 
 
 26
 11. Petitioner, though ground four, asserts that the trial court erred in allowing the state to amend the indictment to substitute the word broomstick for broom head.
 
 
 27
 12. "The sufficiency of a state indictment is an issue on federal habeas corpus only if the indictment was so deficient that the convicting court was deprived of jurisdiction." Heath v. Jones, 863 F.2d 815, 821 (11th Cir.1989). In the case at bar, the substitution of words did not deprive the court of jurisdiction or prejudice Petitioner in any manner.
 
 
 28
 13. Finally, Petitioner contends that the trial court erred in denying his motion for directed verdict because there is insufficient evidence to convict him.
 
 
 29
 14. Petitioner's sufficiency of the evidence claim is controlled by the analysis set forth in Jackson v. Virginia, 443 U.S. 307, 318-319 (1979). This test requires this Court to consider, in the light most favorable to the prosecutor, all the evidence presented at trial and any reasonable inferences drawn therefrom. In conducting the review of the evidence, this Court must defer to the jury's judgment of witness credibility and to the right accorded a witnesses' testimony. United States v. Vaccaro, 816 F.2d 443 (9th Cir.), cert. denied, 484 U.S. 914 (1987).
 
 
 30
 15. This Court refers to New Mexico law to determine the elements of the crime in question. Under New Mexico law, aggravated battery with a deadly weapon is defined as follows:
 
 
 31
 A. Aggravated battery consists of the unlawful touching or application of force to the person of another with intent to injure that person or another.
 
 
 32
 B. Whoever commits aggravated battery, inflicting an injury to the person which is not likely to cause death or great bodily harm, but does cause painful temporary disfigurement or temporary loss or impairment of the functions of any member or organ of the body, is guilty of a misdemeanor.
 
 
 33
 C. Whoever commits aggravated battery inflicting great bodily harm or does so with a deadly weapon or does so in any manner whereby great bodily harm or death can be inflicted is guilty of a third degree felony.
 
 
 34
 Sec. 30-3-5, N.M.S.A. 1984 Repl.Pamp.
 
 
 35
 16. Petitioner claims the evidence did not show he hit Lopez, that he intended to injure Lopez, or that a broom head is a deadly weapon. I listened to the tapes of Petitioner's trial and find that the evidence was sufficient to support Petitioner's conviction under the criteria set forth in Jackson. The evidence shows that Correctional Officer Lopez, the officer assigned to duty in Petitioner's cell block, let Petitioner out of his cell for the fifteen minutes to allow Petitioner to make phone calls. Only one prisoner is allowed out at a time. Petitioner called to Officer Lopez and asked him for some cleanser. Officer Lopez went to the supply closet for the cleanser and as he turned to unlock the door, he saw Petitioner and was struck by a broom. The blow knocked him out. Officer Lopez was emphatic that Petitioner struck him with the broom. (Tapes 5-7). The jury obviously believed Officer Lopez, and a rational jury could conclude beyond a reasonable doubt that Petitioner committed an aggravated battery on Officer Lopez. Accordingly, there is substantial evidence to support Petitioner's conviction and to support the conclusion that the court did not err in granting Petitioner's motion.
 
 Recommended Disposition
 
 36
 That the petition be dismissed with prejudice.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. --- F.R.D. ----
 
 
 [1]
 The magistrate judge actually reversed the two terms in his proposed findings, see Proposed Findings at p 11, but this has no effect on the analysis of petitioner's claim
 
 
 [1]
 Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. Sec. 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed
 
 
 [2]
 Magistrate Judge Sumner G. Buell signed the Findings, filed in February of this year. Magistrate Judge Buell passed away on March 25, 1992. As a successor judge, I independently reviewed the record, certify that I am familiar with the record proper, and determine that the proceedings may be completed without prejudice to the litigants. Based on my independent review, I concur with the findings and analysis and adopt them as my own