46 F.3d 1152
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Charles W. SHAW, Petitioner-Appellant,
v.
R. Michael CODY; Attorney General of the State of Oklahoma,
Respondents-Appellees.
 No. 94-6172.
 United States Court of Appeals, Tenth Circuit.
 Jan. 20, 1995.
 
 Before MOORE, BARRETT, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Charles W. Shaw appeals the denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. Shaw maintains the district court erred in finding his claims procedurally defaulted. He also contends the court erred in refusing to grant an evidentiary hearing and in failing to appoint counsel. We affirm.
 
 
 3
 In 1990, Shaw was charged with first degree felony murder in Oklahoma. He pleaded guilty and received a sentence of life imprisonment. In February of 1992, he filed an application in state court to withdraw the plea, arguing it was entered through inadvertence and ignorance of the factual evidence. The motion was denied because, under state procedural rules, any plea withdrawal must be requested within ten days of sentencing.
 
 
 4
 In a post-conviction application filed in July of 1992, Shaw argued for the first time that he requested an appeal and withdrawal of the plea shortly after sentencing by placing a "cop-out" slip in the bars of his cell. He argued that the note was addressed to his attorney, and in it he asked counsel to file an appeal for him. The state trial court rejected this claim. On appeal, the Oklahoma Court of Criminal Appeals held likewise, affirming the trial court's conclusion that any failure to appeal timely was Shaw's own fault. See Webb v. State, 661 P.2d 904, 905 (Okla.Crim.App.) (noting that standard applicable to request for appeal out of time is whether the defendant was denied appeal through no fault of his own), cert. denied, 461 U.S. 959 (1983).
 
 
 5
 Shaw then filed a federal habeas petition, arguing his plea was not knowing and voluntary and that his failure to file an appeal was not his fault. The magistrate judge issued a report and recommendation to deny the petition. The magistrate concluded Shaw procedurally defaulted by failing to file the motion to withdraw within ten days. Applying a presumption of correctness to the state court's factual findings, the magistrate judge also ruled Shaw did not show cause and resulting prejudice sufficient to overcome the default. The district court adopted the report and recommendation. This appeal followed.
 
 
 6
 Underlying all of Shaw's arguments is his claim that his guilty plea was not knowing and voluntary. He maintains he tried to withdraw the plea and appeal but was thwarted in that effort by his counsel, who was ineffective for failing to file the appropriate documents. Shaw is barred from withdrawing the plea, however, because he defaulted under Oklahoma's procedural rule. Absent a showing of cause and prejudice, this default prevents us from reviewing Shaw's claim. Coleman v. Thompson, 501 U.S. 722, 750 (1991); Steele v. Young, 11 F.3d 1518, 1521 (10th Cir.1993).
 
 
 7
 Shaw argues that counsel's failure to file the notice of appeal, after being requested to do so, constitutes cause sufficient to overcome the default. "Constitutionally ineffective assistance of counsel constitutes cause." Hardiman v. Reynolds, 971 F.2d 500, 505 (10th Cir.1992). More specifically, an attorney's failure to file an appeal when requested to do so is cause sufficient to overcome a default. See Jones v. Cowley, 28 F.3d 1067, 1070 (10th Cir.1994). Prejudice is presumed from such a failure. Hannon v. Maschner, 845 F.2d 1553, 1558 (10th Cir.1988).
 
 
 8
 Where, as here, however, a conviction is obtained through a guilty plea, an attorney has no absolute duty to file an appeal. See Laycock v. New Mexico, 880 F.2d 1184, 1187-88 (10th Cir.1989). Instead, only if "a claim of error is made on constitutional grounds ... or if the defendant inquires about an appeal right" must counsel fully inform the defendant of his appeal rights. Id. at 1188. The record reveals that Shaw was fully advised of his right to appeal at the time of sentencing.
 
 
 9
 Moreover, the state court's determination that Shaw's story lacked credibility is entitled to a presumption of correctness. 28 U.S.C. 2254(d); Marshall v. Lonberger, 459 U.S. 422, 433-35 (1983); see also Jones, 28 F.3d at 1069 ("State court factual findings, with specified exceptions, carry a presumption of correctness."). Consequently, there is no factual basis for the ineffectiveness claim. We agree with the district court that the petition must be denied.
 
 
 10
 Likewise, we agree there is no basis for applying the fundamental miscarriage of justice exception, nor is a hearing required or appointed counsel necessary. The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470