67 F.3d 312
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert Earl GLASPER, Petitioner-Appellant,
v.
TULSA COUNTY DISTRICT COURT, sued as: The District Court of
Tulsa County, and the State of Oklahoma,
Respondents-Appellees.
 No. 95-5077.
 United States Court of Appeals, Tenth Circuit.
 Sept. 26, 1995.
 
 Before ANDERSON, BALDOCK and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Glasper is a state inmate and pro se litigant. Mr. Glasper appeals the denial of his petition for habeas corpus relief. We grant Mr. Glasper permission to proceed in forma pauperis and affirm the judgment of the district court.
 
 
 3
 In 1991, Mr. Glasper pled guilty to three separate counts of robbery. He was sentenced to forty years on each count to be served concurrently. It is these three convictions Mr. Glasper is challenging in federal court.
 
 
 4
 The primary thrust of Mr. Glasper's habeas corpus petition was his assertion that he was denied effective assistance of counsel. The factual basis of this assertion is found in Mr. Glasper's brief, which we quote: "Appellant pled guilty to three counts.... Appellant asked his lawyer to withdraw his guilty pleas. He refused.... Appellant filed a handwritten motion with the Court to withdraw his guilty plea. It was denied."
 
 
 5
 The district court thoroughly and accurately reviewed Mr. Glasper's allegations in its nine page order of March 23, 1995, a copy thereof being attached hereto. The essence of the district court's order was that the state court record conclusively showed Mr. Glasper's guilty pleas were voluntary and proper in all respects and that Mr. Glasper was not denied effective assistance of counsel.
 
 
 6
 Mr. Glasper appeals this judgment arguing in a conclusory fashion that his attorney in the state court proceeding "refused to assist him in filing a motion to withdraw his guilty pleas within the ten days after Appellant was sentenced." Mr. Glasper's argument is flawed. A habeas corpus petitioner is not entitled to relief in federal court merely because his or her attorney failed to follow instructions. To become entitled to relief in federal court, there must be a showing that petitioner's federal rights were violated. Mr. Glasper has not made the requisite showing. The analysis employed by the district court is correct.
 
 
 7
 The judgment of the district court is AFFIRMED for substantially the same reasons set forth in the district court's Order attached hereto. Mr. Glasper has not persuaded this court that any error exists. The mandate shall issue forthwith.
 
 ATTACHMENT
 IN THE UNITED STATES DISTRICT COURT
 FOR THE NORTHERN DISTRICT OF OKLAHOMA
 
 8
 Robert Earl Glasper, Petitioner,
 
 
 9
 vs.
 
 
 10
 R. Dan Reynolds, Respondent.
 
 No. 94-C-456-B
 Filed March 27, 1995
 ORDER
 
 11
 Petitioner's pro-se application for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254 is now at issue before the Court. Petitioner alleges that the state court violated his constitutional rights when it failed to establish a factual basis for his guilty plea and failed to abide by its "representation" that Petitioner could withdraw his guilty plea within the prescribed time. Petitioner also alleges ineffective assistance of counsel. The Respondent has objected to Petitioner's application to which the Petitioner has filed a reply and a supplemental reply. The Petitioner has also moved for an evidentiary hearing, to expand the record, and for ruling. As more fully set out below, the Court concludes that the petition for a writ of habeas corpus and Petitioner's motions should be denied.
 
 I. BACKGROUND
 
 12
 In 1991, Petitioner was charged in the district Court of Tulsa County with (1) Attempted Robbery by Force (Count I), and Robbery by Force (Count II), After Former Conviction of Two or More Felonies, in Case No. CF-91-2288; (2) Robbery by Force, After Former Conviction of Two or More Felonies, in Case No. CF-91-2468; and (3) Robbery by Fear, After Former Conviction of Two or More Felonies, Case No. CF-91-3059. The cases were consolidated and on October 22, 1991, Petitioner pled guilty in each of the cases. The Court sentenced petitioner in accordance with the plea agreement to forty years on each charge, with the sentences to run concurrently. On October 30, 1991, Petitioner filed a pro se motion to withdraw his guilty plea which the trial court denied on November 26, 1991. Petitioner timely appealed, alleging (1) the trial court failed to properly inform Petitioner of the procedure to withdraw a guilty plea; (2) the trial court failed to establish a factual basis for the plea of guilty; (3) Petitioner was denied effective assistance of counsel; and (4) Petitioner was denied copies of documents needed to present a defense to the jury. The Oklahoma Court of Criminal Appeals affirmed the denial of Petitioner's motion to withdraw his guilty plea in an unpublished opinion. Glasper v. State, No. C-92-90 (Okla.Crim.App. April 22, 1992).
 
 
 13
 Thereafter Petitioner moved for post-conviction relief in the District Court of Tulsa County. He again alleged that the court accepted his plea of guilty without establishing a factual basis for the plea and without ensuring that he knowingly and voluntarily waived his rights. Petitioner further alleged that he was denied the right to effective assistance of counsel during the proceedings to withdraw his guilty plea and on direct appeal. The State court denied post-conviction relief, concluding that the arguments either were, or could have been, addressed on direct appeal from the denial of Petitioner's motion to withdraw guilty plea, and therefore were procedurally barred. The Oklahoma Court of Criminal Appeals affirmed.
 
 
 14
 In the present petition for a writ of habeas corpus, Petitioner alleges once again (1) that the trial court failed to establish a factual basis for his guilty plea: (2) that the trial court failed to properly advise Petitioner to withdraw the plea of guilty; and (3) that his counsel provided ineffective assistance under the Sixth Amendment. In support of his third ground for relief, Petitioner cites Baker v. Kaiser, 929 F.2d 1495 (10th Cir.1991), and requests "this court to remand this case to the sentencing court for further findings of fact and conclusions of law." (Doc. # 1.)
 
 
 15
 In their Rule 5 Response, Respondents contend that Petitioner has failed to make a substantial showing of a denial of a federal right. They argue that the validity of a guilty plea is a matter of state law and that Petitioner has made only broad allegations of ineffective assistance of counsel.
 
 
 16
 Petitioner replies he has a constitutional right to withdraw his guilty plea and challenge the indictment by way of a jury trial. He also alleges that his plea did not comply with Okla.Stat. tit. 22, Sec. 516 and that he was entitled to the effective assistance of counsel during the ten days following the entry of the judgment and sentence in order to withdraw his guilty plea as set out in Baker, 929 F.2d 1495. In his amended reply, Petitioner again alleges that his guilty plea was involuntary because the alleged right to withdraw his guilty plea within ten days was meaningless.
 
 II. ANALYSIS
 
 17
 As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. Sec. 2254(b) and (c). See Rose v. Lundy, 455 U.s. 509 (1982). Exhaustion of a federal claim may be accomplished by either (a) showing the state's appellate court had an opportunity to rule on the same claim presented in federal court, or (b) that at the time he filed his federal petition, he had no available means for pursuing a review of his conviction in state court. White v. Meachum, 838 F.2d 1137, 1138 (10th Cir.1988); see also Wallace v. Duckworth, 778 F.2d 1215, 1219 (7th Cir.1985); Davis v. Wyrick, 766 F.2d 1197, 1204 (8th Cir.1985), cert. denied, 475 U.S. 1020 (1986). Respondent concedes, and this Court finds, that the Petitioner meets the exhaustion requirements under the law.
 
 
 18
 The Court also finds that an evidentiary hearing is not necessary as the issues can be resolved on the basis of the record, see Townsend v. Sain, 372 U.S. 293, 318 (1963), overruled in part by Keeney v. Tamayo-Reyes, 112 S.Ct. 1715 (1992). The granting of such a hearing is within the discretion of the court, and this Court finds that a hearing is not necessary.
 
 A. Voluntariness of the Guilty Plea
 
 19
 A defendant who has pled guilty, like the Petitioner in this case, waives all non-jurisdictional challenges to his conviction and may thereafter challenge on a petition for a writ of habeas corpus only the voluntary and intelligent nature of his plea. United States v. Wright, 43 F.3d 491, 494 (10th Cir.1994). In the instant petition, Petitioner attempts to challenge the voluntary nature of his plea by arguing that the state court failed to ensure that there was a factual basis for his plea and failed to abide by its "representation" that Petitioner could indeed withdraw his guilty plea within ten days. (Petitioner's Supplemental Reply, doc. # 12.)
 
 
 20
 Petitioner's contention that the state court lacked a factual basis for the plea does not present an independent ground for invalidating the plea in this habeas corpus action. The lack of a factual basis for a state plea is not a federal constitutional claim, see Sena v. Roberto, 617 F.2d 579, 581 (10th Cir.1980); Freeman v. Page, 443 F.2d 493, 495 (10th Cir.), cert. denied, 404 U.S. 1001 (1971), and therefore, it is not cognizable in this habeas corpus action. Herrera v. Collins, 113 S.Ct. 853, 861 (1993) (habeas jurisdiction is dependent only on a federal constitutional violation); Estelle v. McGuire, 502 U.S. 62, 67 (1991) (same). Nor was Petitioner's plea accompanied with statements of innocence, which might require an inquiry into the factual basis for his plea. See North Carolina v. Alford, 400 U.S. 25, 38 n. 10 (1970); Banks v. McGougan, 717 F.2d 186, 188 (5th Cir.1983). To the contrary, the record in this case indicates that Petitioner at no time actually claimed his innocence.
 
 
 21
 Petitioner's claim that the trial court misrepresented that he could withdraw his plea within ten days fares no better. The state court at no time led Petitioner to believe that he could withdraw his guilty plea within ten days after the entry of the judgment and sentence if he simply changed his mind. On the contrary, the state court repeatedly ascertained that Petitioner's plea was intelligently and voluntarily entered and that he would not change his mind after the hearing. In this regard the Court stated as follows:
 
 
 22
 THE COURT: Now Mr. Glasper, I take pleas almost every day from people who are being sentenced to serve time and I go through basically the same questions with them as I have with you here today, primarily I'm trying to make sure that pleas of guilty are entered voluntarily. Is your plea entered voluntarily here today?
 
 
 23
 MR. GLASPER: Yes, sir.
 
 
 24
 THE COURT: Sometimes, I'm surprised after I take pleas of guilty, and sentence people to serve time, that in some cases I get back later motions or appeal papers from those people saying things like why Judge I've changed my mind, [I] never was guilty in the first place, somebody talked me into doing that, somebody promised me something that I didn't receive, this sort of thing. Anything like that going on with you here today, Mr. Glasper?
 
 
 25
 MR. GLASPER: No, sir.
 
 
 26
 (Plea and Sentencing Transcript at 11-12.)
 
 
 27
 Even assuming the state court failed to notify Petitioner of his right to appeal his guilty plea, this Court concludes that Petitioner would not be entitled to habeas relief on this ground. It is well established that a state court is not constitutionally required to inform a petitioner of his right to appeal a guilty plea. Woolridge v. Kaiser, 937 F.2d 617, 1991 WL 132438 * 2 (10th Cir.1991) (No. 91-6027) (unpublished opinion) (holding that trial court's failure to inform petitioner of his right to appeal a plea of guilty did not state a claim for habeas relief); see also Barber v. United States, 427 F.2d 70, 71 (10th Cir.), cert. denied, 400 U.S. 867 (1970); Crow v. United States, 397 F.2d 284, 285 (10th Cir.1968). In fact by pleading guilty a defendant indicates that he wishes to waive his appellate right. Laycock v. State of New Mexico, 880 F.2d 1184, 1188 (10th Cir.1989).
 
 
 28
 Therefore, Petitioner is not entitled to habeas relief on the basis of his first ground of error.
 
 B. Ineffective Assistance of Counsel
 
 29
 In support of his claim of ineffective assistance of counsel, Petitioner alleges that his counsel failed to help Petitioner file a motion to withdraw his guilty plea during the ten-day period following the entry of the Judgment and Sentence as set out in Baker v. Kaiser, 929 F.2d 1495 (10th Cir.1991).[1]
 
 
 30
 To establish ineffective assistance of counsel, a petitioner must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir.1993). A petitioner can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. To establish the second prong, a petitioner who has pled guilty must show a reasonable probability that without counsel's errors, he would not have pled guilty and would have insisted on proceeding to trial. Hill v. Lockhart, 474 U.S. 52 (1985).
 
 
 31
 Petitioner's reliance on Baker, 929 F.2d 1495, is misplaced. Unlike Baker, Petitioner's conviction was obtained following a guilty plea. As a result, Petitioner's appointed counsel had no absolute duty to file a motion to withdraw the guilty plea or advise Petitioner whether he had meritorious grounds to withdraw his guilty plea. Only "if a claim of error is made on constitutional grounds, which could result in setting aside the plea, or if the defendant inquires about an appeal right," counsel has a duty to inform the defendant of his limited right to appeal a guilty plea. Laycock, 880 F.2d at 1188; see also Shaw v. Cody, 46 F.3d 1152, No. 94-6172, 1995 WL 20425, * 2 (10th Cir. Jan. 20, 1995) (unpublished opinion). In this case, the record reveals that Petitioner was fully advised of his right to appeal at the time of sentencing and therefore Petitioner cannot establish any factual basis for his ineffectiveness claim.[2]
 
 III. CONCLUSION
 
 32
 After carefully reviewing the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. ACCORDINGLY, IT IS HEREBY ORDERED that:
 
 
 33
 (1) The petition for a writ of habeas corpus is denied;
 
 
 34
 (2) Petitioner's motions for hearing and to expand the record (docs. # 11 and # 13) are denied; and
 
 
 35
 (3) Petitioner's motion for ruling (doc. # 14) is granted.
 
 
 36
 SO ORDERED THIS 23rd day of March, 1995.
 
 
 37
 /s/ Thomas R. Brett
 
 THOMAS R. BRETT, Chief Judge
 United States District Court
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 Although the petition does not allege any specific ground of ineffective assistance of counsel, the Court has relied on the reply and supplemental reply to understand the essence of Petitioner's ineffective assistance claim
 
 
 [2]
 The Court finds this case distinguishable from Randall v. State, 861 P.2d 314 (Okla.Crim.App.1993), where the Oklahoma Court of Criminal Appeals held that a hearing on an application to withdraw a guilty plea is a "critical stage" which invokes a defendant's constitutional right to counsel