Burnell **PUEBLO, Jr.,** a/k/a
**Frog,** Appellant,

v.

**The STATE of Oklahoma, Appellee.**

**No. PC–90–718.**

Court of Criminal Appeals of Oklahoma.

Oct. 10, 1990.

## ORDER AFFIRMING DENIAL OF POST–CONVICTION RELIEF

The Appellant appealed to this Court from an order of the District Court of Comanche County denying his application for an appeal out of time in Case No. CRF–88–189. This Court remanded the matter to the District Court for entry of a proper order and findings of fact and conclusions of law concerning Appellant's fault in failing to appeal his conviction.

■ The District Court entered a proper order finding that Appellant was not denied a direct appeal through no fault of his own because Appellant failed to pay his attorney for representation on a direct appeal. We do not find that the District Court abused its discretion in so finding.

■ The record reflects that the Appellant was not indigent. He retained counsel to represent him at trial. The scope of trial counsel's duty is defined by that agreement and whether Appellant fulfilled his obligation to pay for those services. The general rule of law in Oklahoma is that the last act required of trial counsel is the filing of all jurisdictional documents required to be filed in the district court to perfect an appeal, if an appeal is to be initiated. *See, e.g.,* 22 O.S.1981, § 1363. However, this responsibility can be limited by the parties in an attorney-client contract. An appearance before this Court for purposes of perfecting an appeal is not made until the filing of the Petition in Error, with supporting original record and transcript of evidence, as required by Rule 3.1 et seq. of the *Rules of the Oklahoma Court of Criminal Appeals,* 22 O.S.Supp. 1989, Ch. 18, App.

■ We find that Appellant's attorney did not enter an appearance before this Court thereby invoking the requirements of Rule 3.6 of the Rules of this Court. The record in this case reflects that Appellant's counsel performed all duties required to be

performed under his contract with Appellant. In fact, he did more than required by the contract because he completed the trial even when the Appellant failed to fully compensate him under the contract. Appellant cannot yoke retained trial counsel into involuntary servitude by merely saying he wants to appeal after trial counsel has fulfilled his trial duties and Appellant fails to compensate him for additional services. The District Court properly determined the failure to appeal was due to the fault of the Appellant.

IT IS THEREFORE THE ORDER OF THIS COURT that the order of the District Court should be, and the same hereby is, AFFIRMED.

IT IS SO ORDERED.

/s/ Ed Parks
ED PARKS, Presiding Judge
/s/ James F. Lane
JAMES F. LANE,
Vice–Presiding Judge
/s/ Tom Brett
TOM BRETT, Judge
/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Judge
/s/ Charles A. Johnson
CHARLES A. JOHNSON,
Judge