**James L. ABELS, Sr., Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. PC–89–269.**

Court of Criminal Appeals of Oklahoma.

Jan. 8, 1991.

---

**ORDER GRANTING APPEAL OUT OF TIME AND VACATING JUNE 8, 1989 ORDER DENYING POST–CONVICTION RELIEF**

On June 8, 1989, an Order Affirming Denial of Post–Conviction Relief was entered by this Court in the above styled case after a review of the thorough findings of fact and conclusions of law entered by the District Court of Oklahoma County on May 23, 1989. The District Court determined that Appellant had not been denied an appeal through no fault of his own and denied his application for an appeal out of time in accordance with *Smith v. State,* 611 P.2d 276, 277 (Okl.Cr.1980). Subsequently, Appellant filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the

United States District Court for the Western District of Oklahoma, D.C. No. CIV–89–1528–R, which was denied. Appellant then sought review of that order by the United States Court of Appeals, 10th Circuit, in Case No. 90–6050. *Abels v. Kaiser*, 913 F.2d 821 (CA 10th Cir.1990) (search of appropriate sources did not disclose the official citation). His appeal sought review of his denial of court appointed counsel for appeal and the denial of his request for an appeal out of time due to the failure to perfect the appeal of his state convictions to this Court within the statutory period.

In an order entered on September 4, 1990, the Court of Appeals, 10th Circuit, affirmed the denial of court appointed counsel for appeal based on the findings by the Oklahoma County District Court. However, the Court then proceeded to determine that Appellant was denied an appeal through no fault of his own and should be granted an appeal out of time. The Court in reaching its conclusion stated as follows:

> Rule 3.6A of the Rules of the Oklahoma Court of Criminal Appeals requires that, once an attorney makes an appearance, he must "diligently proceed with the appeal including the filing of a brief, until and unless withdrawal as the attorney of record is granted by" the court. In this case, Abels' retained counsel filed a notice of intent to appeal, which apparently constitutes an appearance sufficient to bind him to this duty. Our review of the district court's chronology indicates that at the time Abels' time for appeal expired his retained counsel had not yet filed a motion to withdraw, much less had the motion been granted. Abels, therefore, had every right to expect that his counsel would follow his instructions in perfecting the appeal. Counsel's failure to do so, when he had not been relieved of his duties through a successful withdrawal, was a violation of Abels' constitutional right to effective assistance of counsel on his appeal as of right. *See* Evitts [v. Lucey,] 469 U.S. [387], 396–97 [105 S.Ct. 830, 836–37, 83 L.Ed.2d 821 (Ky.1985)].

The Court of Appeals, 10th Circuit, did not seek a determination of state law prior to rendering this decision and based its decision on what, in their view, was "apparently" the law in Oklahoma. Had a determination of state law been requested the Court would have been provided the interpretation we rendered in *Pueblo v. State*, 799 P.2d 141 (Okl.Cr.1990), wherein we stated that "the general rule of law in Oklahoma is that the last act required of trial counsel is the filing of all jurisdictional documents required to be filed in the district court to perfect an appeal, if an appeal is to be initiated". We further determined that "[a]n appearance before this Court for purposes of perfecting an appeal is not made until the filing of the Petition in Error, with supporting original record and transcript of evidence" as required by our rules. 799 P.2d at 141.

Regardless of the basis for the order, the Court of Appeals, 10th Circuit, granted Appellants petition for writ of habeas corpus, and held the writ in abeyance for 120 days "to allow the Oklahoma Court of Criminal Appeals to grant Abels leave to appeal and provide him assistance of counsel". However, this Court was not a party to the petition for writ of habeas corpus and the ruling was not in the course of appellate review of an order of this Court which was subject to being remanded with instructions. The Court of Appeals, 10th Circuit, did not identify in its order the cases in which it had determined the Appellant should be allowed an appeal or in what court those convictions were entered. Further, Appellant has not subsequently filed an application for appeal out of time with this Court based on the ruling entered by the Court of Appeals, 10th Circuit. This Court has only been advised of the order through an information copy of the order delivered to the Court by the Oklahoma Attorney General's office. At this time this Court does not, in effect, have a pending case wherein the Appellant has requested relief based on the order entered by the Court of Appeals, 10th Circuit.

However, recognizing the jurisdiction of the federal courts in habeas corpus pursuant to 28 U.S.C. § 2254, it is apparent that

the Court of Appeals, 10th Circuit, has conducted a review and determined under federal law that Appellant was denied a direct appeal of his convictions through no fault of his own and that finding is binding upon state courts. We, therefore, accept the findings of the federal court and enter this amended order in Appellant's case requesting post-conviction relief in the cases addressed by this order.

IT IS THEREFORE ORDERED that Appellant is granted an appeal out of time in Case Nos. CRF–87–2502, CRF–87–2631, CRF–87–2633, CRF–87–2640, CRF–87–2644, CRF–87–2649, CRF–87–2650, CRF–87–2652, CRF–87–2653, CRF–87–2654 and CRF–87–2655 in the District Court of Oklahoma County, with the appeal time commencing on the date of this order. If the Appellant seeks to raise a claim of indigency he shall, within 20 days of the date of this order, file an application for court appointed counsel, together with a paupers affidavit, in the cases above cited in the District Court of Oklahoma County, and the District Court shall conduct an evidentiary hearing and enter a written order with findings of fact determining whether Appellant qualifies for court appointed counsel on appeal. Appellants retained or court-appointed counsel, if he so qualifies, shall perfect the appeal, including the filing of a brief in support, within ninety (90) days from the date of this order, subject to Rule 4.2 of the *Rules of the Oklahoma Court of Criminal Appeals*, 22 O.S.1981, Ch. 18, App.

IT IS SO ORDERED.

　　/s/ Ed Parks
　　ED PARKS, PRESIDING JUDGE
　　/s/ James F. Lane
　　JAMES F. LANE, VICE PRESIDING JUDGE
　　/s/ Tom Brett
　　TOM BRETT, JUDGE
　　/s/ Gary L. Lumpkin
　　GARY L. LUMPKIN, JUDGE
　　/s/ Charles A. Johnson
　　CHARLES A. JOHNSON, JUDGE