Cecil C. JONES, Petitioner–Appellant,

v.

Jack COWLEY; Attorney General of the State of Oklahoma, Respondents–Appellees.

No. 93–6277.

United States Court of Appeals, Tenth Circuit.

June 30, 1994.

Cecil C. Jones, pro se.

Susan B. Loving, Atty. Gen., Diane L. Slayton, Asst. Atty. Gen., Oklahoma City, OK, for respondents-appellees.

Before LOGAN and SETH, Circuit Judges, and KELLY,* District Judge.

LOGAN, Circuit Judge.

Petitioner Cecil C. Jones appeals from an order of the district court adopting the findings and recommendation of the magistrate judge and denying his petition for a writ of habeas corpus. In his pro se application, filed pursuant to 28 U.S.C. § 2254, petitioner contended that he was denied a direct appeal of his criminal convictions through no fault of his own when his retained counsel failed to perfect his appeal.[1]

■■■ In examining the district court's order, we review conclusions of law de novo. *Martin v. Kaiser*, 907 F.2d 931, 933 (10th Cir.1990). State court factual findings, with specified exceptions, carry a presumption of correctness. 28 U.S.C. § 2254(d); *see Lujan v. Tansy*, 2 F.3d 1031, 1034 (10th Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1074, 127 L.Ed.2d 392 (1994). We review petitioner's pro se pleadings under a liberal standard, *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972). Applying that standard we construe his arguments as claims of ineffective assistance of counsel. *See Osborn v. Shillinger*, 997 F.2d 1324, 1328 n. 1 (10th Cir.1993).

I

Petitioner was convicted on eight counts by an Oklahoma court and is currently serving an aggregate sentence of 340 years. He was represented by retained counsel at trial. At sentencing, petitioner and his counsel certified to the state court that petitioner did not seek appointed counsel or a trial transcript at public expense. Counsel stated that he was willing to represent petitioner on appeal. Counsel subsequently filed a notice of intent to appeal, but did not perfect the appeal.

■■■ Proceeding pro se, petitioner filed a state post-conviction application alleging that counsel had failed to perfect his appeal. That same counsel represented petitioner at a post-conviction hearing, where the state trial court found that petitioner had "and has [had] since his arrest on these charges, [a] willing and able attorney." I R. tab 8, Ex. C, Post Conviction Findings. The court denied the post-conviction application, concluding that petitioner was not denied an appeal through no fault of his own,[2] and that he was not entitled to appointment of counsel or an appeal out of time at public expense. Petitioner appealed this determination, and the Oklahoma Court of Criminal Appeals remanded, directing the trial court to set out

---

\* The Honorable Patrick F. Kelly, Chief Judge, United States District Court for the District of Kansas, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

2. Under Oklahoma law, a criminal defendant may seek post-conviction relief, including an appeal out of time, pursuant to Okla.Stat. tit. 22, § 1080. The standard applicable to requests for appeals out of time is whether the defendant was denied an appeal "through no fault of his own." *See Webb v. State*, 661 P.2d 904, 905 (Okla.Crim. App.), *cert. denied*, 461 U.S. 959, 103 S.Ct. 2434, 77 L.Ed.2d 1319 (1983).

its findings of fact and conclusions of law. The state trial court's amended post-conviction findings included findings that petitioner (a) had paid $130 for his preliminary hearing transcript, (b) had failed to comply with Okla. Stat.Ann. tit. 20, § 106.4(b), and (c) had never requested a trial transcript at public expense. The court reiterated its earlier finding that petitioner's counsel had "expressed an ever present and continued willingness to represent defendant on appeal." *Id.*, Ex. F.

The Oklahoma Court of Criminal Appeals perceived a conflict between counsel's expressed willingness to proceed and his failure to perfect petitioner's appeal, and again remanded for clarification. The state trial court again filed amended post-conviction findings, stating: "Petitioner's counsel did not perfect the appeal because Petitioner never did make it possible for his counsel to obtain a transcript of the trial for his counsel to use in preparing a brief on appeal." *Id.*, Ex. G. The court concluded: "Petitioner's failure to provide his counsel with a trial transcript relieved his counsel of any obligation to perfect an appeal." *Id.* On appeal, the Oklahoma Court of Criminal Appeals affirmed the state court's order. The state trial court subsequently granted petitioner's counsel leave to withdraw as attorney of record.

Petitioner filed a second pro se application for post-conviction relief, requesting an appeal out of time, appointed counsel, and a trial transcript at public expense. The state trial court denied the application because it raised the same issues petitioner had raised in his first post-conviction application. The Oklahoma Court of Criminal Appeals affirmed on the basis of res judicata and waiver.

Petitioner then filed for habeas relief in the federal district court, and the state responded that petitioner had waived his right to a direct appeal by failing to pay for a transcript. The district court found that petitioner was not denied an appeal through no fault of his own, either as a result of the state court's finding that he had not shown indigence, or as a result of counsel's failure to perfect his appeal, again relying on petitioner's failure to obtain a transcript of the trial.

**II**

■] In *Abels v. Kaiser*, 913 F.2d 821 (10th Cir.1990), as here, the defendant's retained trial counsel filed a notice of intent to appeal following the defendant's criminal sentencing. However, counsel did not file a brief within the time for perfecting an appeal, apparently because the defendant had not paid for services counsel had already performed. Counsel notified the court clerk that he would no longer represent the defendant, although subsequently he assisted the defendant in an unsuccessful attempt to establish indigence and secure appointed counsel. On review of the district court's denial of the defendant's habeas petition, we held that, once the defendant indicated his desire to appeal, counsel's failure to perfect the appeal, "when he had not been relieved of his duties through a successful withdrawal," constituted a violation of the defendant's constitutional right to effective assistance of counsel on appeal. *Id.* at 823 (citing *Evitts v. Lucey*, 469 U.S. 387, 396–97, 105 S.Ct. 830, 836–37, 83 L.Ed.2d 821 (1985)).

Counsel, whether retained or appointed, has a duty to protect a defendant's right to appeal. *See Evitts*, 469 U.S. at 399, 105 S.Ct. at 837. Counsel cannot discharge this duty by allowing a defendant's appeal time to expire without taking proper action. *See Baker v. Kaiser*, 929 F.2d 1495, 1499 (10th Cir.1991) (if defendant wants to appeal "counsel must perfect an appeal").

In a decision issued contemporaneously with our *Abels v. Kaiser* decision the Oklahoma Court of Criminal Appeals affirmed denial of an application for appeal out of time based on retained counsel's refusal to file a petition in error in the appellate court because the defendant-appellant had not paid his attorney's fee. *Pueblo v. State*, 799 P.2d 141 (Okla.Crim.App.1990). That court said, "Appellant cannot yoke retained trial counsel into involuntary servitude by merely saying he wants to appeal after trial counsel has fulfilled his trial duties and Appellant fails to compensate him for additional services." *Id.* at 142.

In the instant case the state court rulings do not mention either *Abels v. Kaiser* or

*Pueblo v. State.* The magistrate judge in the instant case, however, attempted to distinguish our opinion in *Abels v. Kaiser* on the basis of the Oklahoma Court of Criminal Appeals comments on remand in *Abels v. State,* 804 P.2d 454 (Okla.Crim.App.1991). In *Abels v. Kaiser* we cited Rule 3.6 A of the Rules of the Oklahoma Court of Criminal Appeals, which "requires that, once an attorney makes an appearance, he must 'diligently proceed with the appeal including the filing of a brief, until and unless withdrawal as the attorney of record is granted by' the court." 913 F.2d at 823 (quoting Okla.Crim.App.R. 3.6 A). We noted that Abels' counsel had filed a notice of intent to appeal, and said this "apparently constitute[d] an appearance sufficient to bind him to this duty." *Id.*

On remand in *Abels* the Oklahoma Court of Criminal Appeals commented on our citation to Rule 3.6 A:

> The Court of Appeals, 10th Circuit, did not seek a determination of state law prior to rendering this decision and based its decision on what, in their view, was "apparently" the law in Oklahoma. Had a determination of state law been requested the Court would have been provided the interpretation we rendered in *Pueblo v. State,* 799 P.2d 141 (Okl.Cr.1990), wherein we stated that "the general rule of law in Oklahoma is that the last act required of trial counsel is the filing of all jurisdictional documents required to be filed in the district court to perfect an appeal, if an appeal is to be initiated." We further determined that "[a]n appearance before this Court for purposes of perfecting an appeal is not made until the filing of the Petition in Error, with supporting original record and transcript of evidence" as required by our rules. 799 P.2d at 141.

*Abels v. State,* 804 P.2d at 455.

*Abels v. State* can be read as reaching the following conclusions: (1) that as a matter of state law trial counsel, retained or appointed, has no duty to act for the defendant beyond filing a notice of intent to appeal; (2) that this is not in conflict with Oklahoma Rule 3.6 A which requires an attorney who "makes an appearance" to proceed, including filing a brief, until relieved by an order of the court; and (3) that is not in conflict because until the attorney files a Petition in Error, with supporting original record and transcript of the evidence he has not "appeared" in the appellate court.[3] If the attorney fails to appear in the appellate court but the defendant is not at fault—*e.g.,* he hired and paid a lawyer for an appeal the attorney never perfected—presumably the state's "through no fault of his own" standard would permit the defendant to appeal out of time.

The magistrate judge in the case before us appears to have analyzed the case in the manner described. He concluded that the nonindigent petitioner's failure to pay for a trial transcript relieved counsel of his obligation to go forward, and that petitioner therefore was responsible for counsel's failure to perfect his appeal.

■ Similarly, on appeal the state also cites to *Pueblo v. State* and *Abels v. State* in an attempt to distinguish our *Abels v. Kaiser* opinion. It argues that, because counsel had not made an appearance in accord with the state court rules discussed in *Pueblo v. State,* "under state law [petitioner] did not yet have appellate counsel and therefore, could not have ineffective assistance of counsel." Appellee's Br. at 6. The state also asserts that this issue is a matter of state law and therefore does not implicate a federal constitutional issue. We disagree.

In *Abels v. Kaiser* we were dealing with a federal constitutional right. Although we there cited Oklahoma's state appellate court

---

**3.** We have some difficulty with that reading of state law based upon the Oklahoma court's own rules. Rule 2.1 B states that "[a]n *appeal is commenced* by filing a written notice of intent to appeal and a designation of record" within ten days of judgment (emphasis added). Rule 3.6 A addresses appearances before the Court of Criminal Appeals, and sets forth the duties of appellate counsel in that court. On the issue whether an attorney can be appellate counsel before formally entering an appearance in the Court of Criminal Appeals, we note that Rule 3.6 B provides, "if an attorney retained by a defendant fails to file a brief in accordance with these rules this Court may summarily submit the appeal...."

rules, the right to effective counsel on appeal does not arise from state law, and state law cannot operate to limit or restrict it. *See Evitts,* 469 U.S. at 400–01, 105 S.Ct. at 838–39. The Oklahoma Court of Criminal Appeals in *Abels v. State,* after reciting the state rule, concluded:

> [R]ecognizing the jurisdiction of the federal courts in habeas corpus pursuant to 28 U.S.C. § 2254, it is apparent that the Court of Appeals, 10th Circuit, has conducted a review and determined *under federal law* that Appellant was denied a direct appeal of his convictions through no fault of his own and that finding is binding upon state courts.

804 P.2d at 455–56 (emphasis added). Thus, this ruling acknowledged the authority of our holding in *Abels v. Kaiser* that the defendant's federal constitutional right to effective counsel on appeal had been violated.

■ When counsel has agreed to represent a defendant on appeal—as plainly appears to be the situation before us—we think the Supreme Court and other appellate cases of the past thirty years require that counsel continue to serve until released by some formal court document or statement signed by the defendant, which makes abundantly clear that this lawyer is no longer obligated to serve and that the defendant must acquire other counsel by retainer or court appointment. *See Abels v. Kaiser,* 913 F.2d at 822–23 (defendant's failure to pay counsel does not excuse counsel from a duty to protect defendant's federal constitutional right to appeal). To the extent that *Pueblo v. State,* 799 P.2d at 142, is to the contrary it must give way absent a written release by the court or the defendant.

### III

■ Our holding that retained defense counsel continued to be bound to petitioner until he was released does not resolve the appeal before us. A defendant cannot ask his counsel to appeal, affirmatively prevent the appeal from being timely perfected, and then take advantage of his own malfeasance to acquire an appeal out of time. Such a rule would make a mockery of statutory time limitations and the concept of finality.

■ Failure to pay retained counsel's fee does not obstruct perfection of the appeal. If the defendant is then indigent—his resources having been exhausted by the trial or his family having terminated their help—trial counsel may secure his own appointment to handle the appeal for the indigent at state expense. Counsel for a nonindigent client may perform attorney services on appeal and later sue for reimbursement, of course. If the attorney demands payment in advance and the defendant does not pay, the lawyer can ask the court or the client to relieve him within such time that another lawyer can file the record and brief the direct appeal.

■ But clearly if the defendant performs some act—such as destroying a record or other important papers—that prevents his attorney from perfecting an appeal, the defendant must be held to have waived his right to appeal regardless of his instructions to his attorney. Failure to provide the record to counsel can fall into this category. It is not unusual, however, for a retained attorney to agree to advance the costs of obtaining a transcript of trial proceedings. But we will not hold that the attorney must do so. The understandings between the parties and counsel's knowledge of petitioner's alleged inability to pay for a transcript are essential to a resolution of the issue before us—whether counsel provided constitutionally adequate services. The record does not contain sufficient facts to resolve that issue.

The record contains no transcript of state court proceedings, and no affidavits or other evidence of the understanding between petitioner and his attorney with respect to the trial transcript. There is no finding that petitioner was not indigent; only findings that at sentencing the court informed petitioner of an indigent's right to appointed counsel and a free transcript, and that during the time for perfecting a direct appeal petitioner never filed an application for a free transcript or court-appointed counsel. I R. tab 8, Ex. F.

In post-conviction proceedings the state court judge found that petitioner and his counsel certified to the sentencing judge that petitioner wanted no appointed counsel or

state-provided transcript. *Id.* Petitioner himself, in his state court mandamus application of March 26, 1990, admitted that he did not request an attorney or record at state expense and that he did not offer proof of his inability to pay for an appeal. *Id.,* tab 8, Ex. A at 4. Petitioner denies, however, that the trial court or his attorney advised him of his right to counsel and a transcript at state expense if he was indigent. *Id.* Petitioner also alleges in his petition and briefs that he was unable to obtain funds to pay for a trial transcript because of his confinement in prison. In his reply brief he says that his family hired his attorney and after he was sentenced "I guess my family decided to give up on my attorney," Appellant's Reply Brief at 1, and that his counsel knew at the time petitioner could not "pay him myself." *Id.* at 2.

The state district court found that counsel did not perfect a direct appeal because "Petitioner never made it possible for his counsel to obtain a transcript of the trial." *Id.,* tab 8, Ex. G. There is no basis in the record for that holding except the court's finding that petitioner did not want the transcript furnished at state expense. There is nothing in the record concerning whether counsel agreed to advance the costs of procuring the trial transcript. (Ordering a transcript would seem to be something counsel, rather than the client, would do.) The record itself contains nothing on when counsel became aware that petitioner would not, or could not, pay for the trial transcript. These matters must be determined to resolve the constitutional issue of the adequacy of counsel's representation.

The state courts did not reach these issues, apparently because of their reading of *Pueblo v. State* that counsel's duty ended with the filing of the notice of appeal and that no formal discharge of counsel was necessary until counsel filed something in the appellate court. The magistrate judge and the district court below did not reach these issues because they apparently viewed the Oklahoma court's comments in *Abels v. State* as adequately distinguishing, or rendering invalid, our *Abels v. Kaiser* ruling that retained counsel's duty to appeal continued, even though

he was not paid, until released by the client or a court.

 The district court, accepting the magistrate judge's recommendation, ruled that when petitioner failed to appeal his conviction he waived his right to habeas review. Applying the cause and prejudice standard, the court then found that petitioner had not demonstrated cause for the default. But if counsel's failure to perfect petitioner's appeal constituted a violation of his right to effective counsel on appeal, the cause and prejudice standard is satisfied. *See Hardiman v. Reynolds,* 971 F.2d 500, 505 (10th Cir.1992) (constitutionally ineffective counsel equals cause); *Hannon v. Maschner,* 845 F.2d 1553, 1558 (10th Cir.1988) (prejudice presumed when counsel fails to perfect appeal). That remains to be determined.

The judgment of the district court is REVERSED, and the cause is REMANDED for further proceedings consistent herewith. We deny petitioner's motion for appointment of appellate counsel.