51 F.3d 285
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Simon Gilbert BILLEY, Plaintiff-Appellant,
v.
BRYAN COUNTY SHERIFF'S DEPARTMENT, also known as Bryan
County Sheriff's Office, Defendant-Appellee.
 No. 94-7102.
 United States Court of Appeals, Tenth Circuit.
 March 30, 1995.
 
 Before TACHA, LOGAN and KELLY, Circuit Judges.*
 ORDER AND JUDGMENT**
 PAUL KELLY, Jr., Circuit Judge.
 
 
 1
 Mr. Billey appeals pro se from the district court's Fed.R.Civ.P. 12(b)(6) dismissal of his 42 U.S.C. Sec. 1983 civil rights suit. Our jurisdiction arises out of 28 U.S.C. Sec. 1291 and we affirm.
 
 
 2
 In this Sec. 1983 action, Mr. Billey contends that his due process rights were violated when $100 of his money disappeared during his confinement at Bryan County Jail in November of 1991. Mr. Billey alleges that the money was removed by an employee of the jail. The Bryan County Sheriff's Office moved to dismiss the case for failure to state a claim as well as failure to commence the action within the appropriate statute of limitations. The district court dismissed the suit for these reasons and Mr. Billey appeals.
 
 
 3
 Dismissal of the Sec. 1983 suit was proper because Mr. Billey has failed to allege a violation of the Due Process Clause of the Fourteenth Amendment. See Parratt v. Taylor, 451 U.S. 527, 543 (1981), overruled in part by Daniels v. Williams, 474 U.S. 327 (1986) and Davidson v. Cannon, 474 U.S. 344 (1986). There are no allegations in the complaint alleging that the deprivation of his money was the result of an established state procedure. See id. While we construe the pro se complaint liberally, Jones v. Cowley, 28 F.3d 1067, 1069 (10th Cir.1994), no facts in the complaint suggest anything other than a negligent deprivation of property. Moreover, the State of Oklahoma provides a method of redress for persons who believe they have suffered a tortious loss at the hands of the state. See Okla.Stat.Ann. tit. 51, Sec. 151-171 (West 1988). Accordingly, the alleged conduct does not amount to a constitutional violation under Sec. 1983.
 
 
 4
 All pending motions are denied.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)