60 F.3d 837
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jamie K.W. BROWN, Plaintiff-Appellant,
v.
Gerald COLEMAN, Sheriff, Adair County, Oklahoma; Adair
County Sheriff's Office, also known as County
Sheriff of Adair County, Oklahoma,
Defendants-Appellees.
 No. 94-7183.
 (D.C. No. CV-94-261)
 United States Court of Appeals, Tenth Circuit.
 July 12, 1995.
 
 Before SEYMOUR, Chief Judge, McKAY and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Jamie K.W. Brown appeals the district court's 12(b)(6) dismissal of his pro se 42 U.S.C.1983 claim. Mr. Brown alleges that defendants violated his constitutional rights while he was incarcerated at Adair County Jail by disregarding a prison doctor's repeated recommendations for medical treatment and by opening his mail from the district court. We affirm in part and reverse in part.
 
 
 3
 We review a district court's disposition of a motion to dismiss de novo, Hunt v. Bennett, 17 F.3d 1263, 1265 (10th Cir.), cert. denied, 115 S.Ct. 107 (1994), and therefore will not uphold dismissal of a claim unless "it appears that the plaintiff can prove no set of facts in support of the claim[ ] that would entitle him to relief." Coosewoon v. Meridian Oil Co., 25 F.3d 920, 924 (10th Cir.1994). We must accept the plaintiff's factual allegations as true. Mascheroni v. Board of Regents, 28 F.3d 1554, 1560 (10th Cir.1994). While we review pro se pleadings, like Mr. Brown's, under a more liberal standard, Jones v. Cowley, 28 F.3d 1067, 1069 (10th Cir.1994), we nonetheless must dismiss "conclusory allegations without supporting factual averments." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991).
 
 
 4
 Mr. Brown alleged below that defendants evinced deliberate indifference to his serious medical needs in violation of the Eighth Amendment. The district court dismissed this claim, asserting that Mr. Brown presented only "conclusory allegations concerning his need for medical treatment." We disagree.
 
 
 5
 Dr. Taylor treated Mr. Brown several times for hernia pain and repeatedly recommended that Mr. Brown undergo surgery to correct the hernia problem. Mr. Brown does not argue that he was denied medical care or that Dr. Taylor's care was so inadequate as to be deliberately indifferent to his medical needs. Mr. Brown alleges that defendants knew about Dr. Taylor's repeated recommendations for corrective hernia surgery and deliberately ignored this recommendation.
 
 
 6
 To state a viable Eighth Amendment deliberate indifference claim, a plaintiff must allege 1) that the prisoner's medical needs are serious; and 2) deliberate indifference on the part of prison officials. Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir.1980), cert. denied, 450 U.S. 1041 (1981). "A medical need is serious if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.' " Id. (citation omitted). Dr. Taylor repeatedly diagnosed Mr. Brown's hernia problems and recommended surgery to repair the problems. Whether Mr. Brown's hernia problem was sufficiently serious that surgery was mandated is a fact question that cannot be resolved solely on the basis of the pleadings.
 
 
 7
 "Deliberate indifference to serious medical needs is shown when prison officials have prevented an inmate from receiving recommended treatment." Id. The Supreme Court recently held that prison officials must be subjectively aware of the risk to the inmate's health in order to satisfy the deliberate indifference standard. Farmer v. Brennan, 114 S.Ct. 1970 (1994). Mr. Brown alleges that defendants specifically refused Dr. Taylor's surgery recommendations. We can therefore infer that defendants were subjectively aware of Mr. Brown's medical needs. This is not a case involving a mere difference of opinion between prison doctors and the inmate. See Ramos, 639 F.2d at 575; McCracken v. Jones, 562 F.2d 22, 24 (10th Cir.1977), cert. denied, 435 U.S. 917 (1978). This is a case where the prison medical staff repeatedly prescribed surgery to rectify a medical problem and prison officials with no medical training allegedly disregarded this recommendation. We hold that Mr. Brown raised fact issues regarding his claim and that the district court prematurely dismissed this claim. We therefore reverse the district court's dismissal.
 
 
 8
 Mr. Brown also alleged that defendants violated his constitutional rights by opening mail from the district court. The district court rejected Mr. Brown's argument and dismissed the claim. We affirm for substantially the reasons set forth in the district court's order.
 
 
 9
 AFFIRMED in part, REVERSED in part.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470