UNITED STATES COURT OF APPEALS
**Filed 8/23/96**
FOR THE TENTH CIRCUIT

R. M. BELL,

        Plaintiff-Appellant,

v.

FRANCISCO FLORES, EQUAL
EMPLOYMENT OPPORTUNITY
COMMISSION,

        Defendants-Appellees.

No. 95-1455
(D.C. No. 95-S-2389)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before TACHA, ALDISERT,[**] and BALDOCK, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable Ruggero J. Aldisert, Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation.

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.[1]

Plaintiff R. M. Bell appeals the district court's dismissal of his pro se complaint pursuant to 28 U.S.C. § 1915(d). Our jurisdiction over this appeal arises from 28 U.S.C. § 1291. Reviewing Bell's pleadings liberally, see Jones v. Cowley, 28 F.3d 1067, 1069 (10th Cir. 1994), we examine the district court's ruling for an abuse of discretion. Green v. Seymour, 59 F.3d 1073, 1077 (10th Cir. 1995).

Bell filed his complaint against defendants, asserting claims relating to the handling of a Title VII discrimination charge he filed with the EEOC against the Colorado School of the Healing Arts. The district court questioned jurisdiction, but dismissed Bell's complaint as legally frivolous, concluding that he had stated no cognizable claim against defendant Flores, had no private right of action against the EEOC, and that the EEOC's decisions were not reviewable under the Administrative Procedure Act (APA). Following the district court's order of dismissal, Bell filed a "Request for Extension" to allow him to file a claim against the Colorado School of the Healing Arts. The district court denied the motion.

On appeal, Bell argues that the district court 1) ignored his claims of discrimination by defendant Flores, 2) should have liberally construed his

---

[1] Plaintiff-appellant's motion for oral argument is denied.

-2-

complaint to include a claim against EEOC employee Mary Sue Britt, 3) erred in concluding Bell could not sue the EEOC, 4) erred in concluding Bell had an adequate remedy in a suit against the Colorado School for the Healing Arts, 5) erred in declining review of the EEOC's decision under the APA, and 6) abused its discretion by declining to appoint counsel and by failing to grant Bell his requested extension of time. The majority of Bell's arguments on appeal were not presented to the district court and therefore will not be considered here. See Walker v. Mathers (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992).

After careful review of the entire record on appeal, we agree with defendants that the district court lacked jurisdiction over Bell's claims and that the complaint was legally frivolous. Accordingly, the district court did not abuse its discretion in dismissing the action. Because the complaint was properly dismissed, the district court did not err in denying Bell's motion for appointment of counsel. Finally, the district court properly denied consideration of Bell's request for an extension of time, which we liberally construe as a request to amend, since it was filed not only after the order of dismissal, but long after Bell received notice from the EEOC of his right to sue the Colorado School of the Healing Arts. See Frank v. U.S. West, Inc., 3 F.3d 1357, 1365-66 (10th Cir. 1993); Cannon v. City & County of Denver, 998 F.2d 867, 879 (10th Cir. 1993).

The judgment of the United States District Court for the District of Colorado is AFFIRMED. All outstanding motions are DENIED.

The mandate shall issue forthwith.

Entered for the Court


Deanell Reece Tacha
Circuit Judge