**UNITED STATES COURT OF APPEALS**
**Filed 9/26/96**
**TENTH CIRCUIT**

FRANKLIN D. CHRISTENSEN,

    Plaintiff - Appellant,

    v.

DOUGLAS WADSWORTH,
SHIRLEY MENDEZ-EVANS,
DENEECE SIMPSON, and U S WEST
COMMUNICATIONS, INC.,

    Defendants - Appellees.

No. 96-4067
(D. Ct. No. 95-CV-558-C)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Franklin Christensen, a disabled war veteran who was adjudicated incompetent for Veterans Affairs' purposes, brought suit for alleged civil rights

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

violations pursuant to 42 U.S.C. § 1985. He sued Douglas Wadsworth and Shirley Mendez-Evans, both employees of the Salt Lake City Department of Veterans Affairs. He also brought suit against his legal custodian, DeNeece Simpson, and a telephone company, U.S. West Communications, Inc. Specifically, Christensen claimed that he was denied veteran's benefits for tapes, medication, dental work, glasses, and a working telephone in violation of his First, Fifth, and Eighth Amendment rights.

A federal magistrate judge concluded that service of process should not be permitted and that Christensen's case should be dismissed pursuant to 28 U.S.C. § 1915(d) because his claims "lack[ed] an arguable basis either in law or fact." The district judge agreed and dismissed the case on February 20, 1996.

Christensen filed a notice of appeal on February 23, 1996, claiming that the district court erred in dismissing his pro se complaint under section 1915(d). He argues that he is entitled to a default judgment in his favor because the defendants failed to respond to his complaint. Christensen also filed a number of motions with this court regarding the disposition and administrative treatment of his case.[1]

---

[1]On June 26, 1996, Christensen filed a "Motion of Administrative Error and Cause for Removal of Incompetency." He reasserted his claim that he had been erroneously denied veterans benefits. In addition, he alleged that the clerk of the court had improperly intercepted his motions to the district court.

On July 3, 1996, Christensen filed a "Motion for Clarification." He requested the identity of the appeal panel reviewing his case, asked for the location of his veteran's file, and sought the qualifications of the veteran appeals court. He also restated his claim that

Our jurisdiction over this appeal arises from 28 U.S.C. § 1291. Construing Christensen's pleadings liberally, we examine the district court's ruling for an abuse of discretion. See Jones v. Cowley, 28 F.3d 1067, 1069 (10th Cir. 1994); Green v. Seymour, 59 F.3d 1073, 1077 (10th Cir. 1995).

After reviewing Christensen's complaint, we agree with the district court's conclusion that the case should be dismissed pursuant to section 1915(d). We emphasize that given the district court's decision not to permit service of process on the defendants, Christensen cannot argue that he is entitled to a default judgment because the defendants did not respond to his complaint. We have also reviewed the motions pending before the court and conclude that they are without merit or constitute requests for relief that this court has no power to grant.

---

he had been improperly denied veterans benefits.

On July 8, 1996, Christensen filed a "Motion for Default," which essentially reiterated the basis for his appeal. In this motion, Christensen argued that because none of the defendants had responded to his complaint, he was entitled to a default judgment. The court denied this motion as moot on July 15, 1996.

On July 24, 1996, Christensen filed a "Motion of Deception and Effective Manipulation of the Judicial System." He alleged that the clerk of the Tenth Circuit had been exploiting him by stamping and signing his motions in an illegible manner.

On July 24, 1996, Christensen filed a "Motion of Contempt" against all of the clerks and judges of the Tenth Circuit. He also argued that a conflict of interest existed in having a circuit judge review the decisions of one of its colleagues. Thus, Christensen sought to have his contempt motion reviewed by the United States Supreme Court by moving for a "change of venue."

On July 26, 1996, Christensen formally filed a "Motion for Change of Venue." He claimed that the judges and administrative staff on the Tenth Circuit were a "bunch of idiots." Again, he requested that his grievances be reviewed by the United States Supreme Court.

Accordingly, we AFFIRM the decision of the district court dismissing

Christensen's claims and DENY Christensen's motions pending before the court.

The mandate shall issue forthwith.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge
