**UNITED STATES COURT OF APPEALS**
**Filed 10/8/96**
**TENTH CIRCUIT**

_____

ELDIN BERT PYLE,

    Petitioner-Appellant,

v.

GARY STARBUCK, in his official capacity
as Superintendent of Wyoming Department of
Corrections Honor Farm; WYOMING
ATTORNEY GENERAL,

    Respondents-Appellees.

No. 96-8027
(D.C. No. 95-CV-168)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY, EBEL** and **HENRY**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. _See_ Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore
ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, _res judicata_ and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Eldin Bert Pyle, a Wyoming state prisoner proceeding *pro se* and *in forma pauperis*, appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We exercise jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, reverse the judgment of the district court, and remand for further proceedings consistent with this order and judgment.

## I. Background

In August 1989, Mr. Pyle's vehicle crossed the center line of U.S. Highway 89 south of Jackson, Wyoming, collided head-on with another vehicle, and killed Laurel Rudd, a seventeen-year-old girl. Mr. Pyle was later charged by information in the Wyoming District Court for the Ninth Judicial District, Teton County, with one count of driving while intoxicated in violation of Wyo. Stat. § 31-5-233(b) (hereafter "count 1"), and one count of aggravated vehicular homicide in violation of Wyo. Stat. § 6-2-106(b)(i) (hereafter "count 2"). The information also alleged Mr. Pyle was subject to enhanced penalties under Wyo. Stat. § 31-5-233(e) because he had suffered a prior conviction for driving while intoxicated. At his arraignment, Mr. Pyle pled guilty on count 1 and not guilty on count 2. He later moved to dismiss count 2 on the ground it amounted to double jeopardy in violation of the Fifth and Fourteenth Amendments. The court denied the motion. Mr. Pyle subsequently pled guilty to count 2. The court sentenced

Mr. Pyle to not less than ten years and not more than twenty years in state prison for count 2, but dismissed count 1.

Mr. Pyle did not appeal his conviction to the Wyoming Supreme Court. He did, however, seek collateral post-conviction relief. First, Mr. Pyle filed a motion for sentence reduction in the Wyoming District Court for the Ninth Judicial District, Teton County, on the ground his sentence was excessively harsh, but his motion was denied in December 1990. Mr. Pyle did not seek review of the denial from the Wyoming Supreme Court. Second, Mr. Pyle filed a petition for a writ of habeas corpus in the Wyoming District Court for the Second Judicial District, alleging his conviction for aggravated vehicular homicide amounted to double jeopardy. The court denied the petition on the merits in August 1991. Again, Mr. Pyle did not seek review of the denial from the Wyoming Supreme Court. Finally, on April 26, 1995, Mr. Pyle filed a petition in the Wyoming Supreme Court, contending (1) his conviction for aggravated homicide amounted to double jeopardy in violation of the Fifth and Fourteenth Amendments; and (2) trial counsel's failure to appeal his conviction on double jeopardy grounds amounted to inadequate assistance of appellate counsel in violation of the Fourteenth Amendment. The Wyoming Supreme Court denied the petition without stating its reasons for doing so.

Mr. Pyle then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the District of Wyoming, asserting a single claim, namely, that he received inadequate assistance on appeal in violation of the Fourteenth Amendment, because his attorney failed to notice a direct appeal from his conviction and sentence to the Wyoming Supreme Court asserting his double jeopardy claim, despite Mr. Pyle's desire that counsel file such an appeal. The respondents moved for summary judgment, and the district court granted their motion. This appeal followed.

## II. Analysis

For purposes of considering the respondents' summary judgment motion, the district court assumed Mr. Pyle's ineffective assistance of counsel allegations to be true and declined to address respondents' contention that Mr. Pyle's ineffective assistance of counsel claim is procedurally barred. Instead, the district court concluded "there actually is only one issue in this case that matters: whether Pyle's conviction violated the Double Jeopardy Clause." Focusing on this single issue, the district court determined, as a matter of law, that Mr. Pyle's conviction did not violate the Double Jeopardy Clause. While the district court's double jeopardy analysis is likely correct, its approach to Mr. Pyle's petition was contrary to established Tenth Circuit precedent.

At the outset, it was error for the district court to address the merits of either of Mr. Pyle's constitutional claims prior to addressing respondents' procedural bar contention. We repeatedly have held that when "a respondent raises procedural bar in a § 2254 proceeding, a district court must address it and, if valid, 'enforce it and hold the [petitioner's] claims procedurally barred unless cause and prejudice or a miscarriage of justice is shown.'" *See Swazo v. Wyoming Dept. of Corrections State Penitentiary Warden*, 23 F.3d 332, 334 (10th Cir. 1994) (quoting *United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994)). For purposes of this appeal, however, this error is not dispositive. If Mr. Pyle is able to demonstrate ineffective assistance of counsel, such showing also would demonstrate cause and prejudice sufficient to excuse any state procedural default. *See Romero v. Tansy*, 46 F.3d 1024, 1030 (10th Cir. 1995) (citing *Jones v. Cowley*, 28 F.3d 1067, 1073 (10th Cir. 1994)), *cert. denied*, 115 S. Ct. 2591 (1995). Thus, as explained below, the threshold issue for district court determination is whether Mr. Pyle's counsel was constitutionally ineffective for failing to perfect a direct appeal.

We understand that where, as here, a petitioner specifies an issue he would have raised on direct appeal, the temptation is great to conserve judicial resources by directly addressing the merits of that issue. Nevertheless, it is well established

that when a court is asked to review an ineffective assistance of counsel claim based on a failure to perfect a direct appeal, the court *may not* consider the merits of any arguments that the defendant might have made on appeal. *Id*. at 1030 (citing *Abels v. Kaiser*, 913 F.2d 821, 823 (10th Cir. 1990)). Consequently, it was error for the district court to assume ineffective assistance of counsel and grant summary judgment based on Mr. Pyle's double jeopardy argument.

The legal analysis of Mr. Pyle's ineffective assistance of counsel claim is straightforward. Mr. Pyle has a constitutional right to effective assistance of counsel on direct appeal as well as at trial. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). In most cases, a defendant claiming ineffective assistance of counsel must demonstrate (1) counsel's performance was deficient and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 698 (1984). By claiming that his counsel was ineffective for failing to perfect an appeal, however, Mr. Pyle must satisfy only the first part of the Strickland test. If Mr. Pyle can demonstrate his counsel's performance fell below an objective standard of reasonableness, prejudice is presumed. *Romero*, 46 F.3d at 1030.

In assessing the reasonableness of counsel's conduct, it must be understood that a defendant normally forecloses his right to appeal when he pleads guilty.

*Laycock v. New Mexico*, 880 F.2d 1184, 1188 (10th Cir. 1989). Counsel has a duty, however, to inform a defendant who plead guilty of his limited right to appeal if (1) the defendant inquires about such right, or (2) counsel either knows or should have learned that his client has a claim of error on constitutional grounds, which could result in setting aside the guilty plea.[1] *Id.* at 1188 (citing *Marrow v. United States*, 772 F.2d 525, 529 (9th Cir. 1985)). Once such a duty is triggered, a defendant's right to counsel on appeal is not satisfied merely by advising a defendant of his right to appeal. Where counsel "never advised [the defendant] of the pros and cons of appealing his conviction, and did not ascertain whether [the defendant] wanted to appeal" his assistance is constitutionally ineffective. *Baker v. Kaiser*, 929 F.2d 1495, 1499-1500 (10th Cir. 1991).

Applying these principles, counsel's *alleged* failure to fully advise Mr. Pyle of his appeal rights, if true, could constitute ineffective assistance. Notably, however, Mr. Pyle's ineffective assistance of counsel claim cannot be conclusively determined by reviewing the existing record. We therefore must remand the case to the district court for findings on this issue.

---

[1] A double jeopardy claim is one type of constitutional claim which is not foreclosed after a guilty plea. *See e.g., Menna v. New York*, 423 U.S. 61, 62 (1975) (per curiam) (direct appeal: double jeopardy claim not barred).

Accordingly, the district court's order granting respondents' motion for summary judgment is reversed and the case is remanded for findings as to whether Mr. Pyle was denied effective assistance of appellate counsel. If the district court finds that Mr. Pyle was not denied effective assistance of appellate counsel, the court should dismiss Mr. Pyle's writ with prejudice. However, if the district court finds that Mr. Pyle was, in fact, denied effective assistance of appellate counsel, the appropriate remedy would be to hold the case in abeyance for not longer than 120 days from the date of the district court's ruling to allow the Wyoming Supreme Court to grant Mr. Pyle leave to appeal and provide him with the assistance of counsel on appeal. If the Wyoming Supreme Court were to grant such leave, the district court should then dismiss Mr. Pyle's writ with prejudice. If the Wyoming Supreme Court were to fail to grant Mr. Pyle such leave within the time specified, the district court should issue a writ discharging Mr. Pyle.

**REVERSED** and **REMANDED.**

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge