# UNITED STATES COURT OF APPEALS
## Tenth Circuit
### Byron White United States Courthouse
### 1823 Stout Street
### Denver, Colorado 80294
### (303) 844-3157

Patrick J.  Fisher, Jr.                                    Elisabeth A. Shumaker
Clerk                                                      Chief Deputy Clerk

February 6, 1997


**TO:** All recipients of the captioned order and judgment

**RE:**   96-4089, MacArthur v. State of Utah
          December 31, 1996


Please be advised of the following correction to the captioned decision:

The last paragraph of the Order and Judgment contains an error.  The correct pronoun in the last sentence is "his."

Please make the appropriate correction.

                                        Very truly yours,

                                        Patrick Fisher, Clerk



                                        Susan Tidwell
                                        Deputy Clerk

STEVEN MacARTHUR,

      Plaintiff-Appellant,

  and

BROWN KAPLAR, BLAYDE CROCK-
ETT,

      Plaintiffs,

    v.

CORPORATE STATE OF UTAH,
PAT B. BRIAN, KENNETH RIGTUP,
JAN GRAHAM, MICHELLE BUSH,
MERICIA L. MILLIGAN,

      Defendants-Appellees.

No. 96-4089
(D.C. No. CIV-95-510-B)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **LOGAN** and **MURPHY**, Circuit Judges.

---

    [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Plaintiff pro se Steven MacArthur appeals dismissal of his complaint[1] asserting claims under 42 U.S.C. §§ 1983, 1985 and 1986 and the Racketeer Influenced and Corrupt Organization Act (RICO), 18 U.S.C. § 1961-68, against defendants the "Corporate State of Utah," and individual Utah state judges and state officials.

This case arose after the Utah Tax Commission filed state court civil actions against plaintiff MacArthur and two others and obtained writs of mandate compelling plaintiffs to submit state tax returns pursuant to Utah Code Ann. § 59-1-707(1). Plaintiffs refused to comply and were held in contempt of court. In the face of an indefinite stay in jail, plaintiffs eventually complied with the orders and submitted state tax returns. Plaintiffs then filed this civil rights and RICO action, seeking damages and injunctive relief. They alleged the state mandate and contempt orders violated their Fourth, Fifth, Sixth, Thirteenth, and Fourteenth Amendment rights. The district court granted defendants' motion to dismiss, finding it had no subject matter jurisdiction under the Tax Injunction Act, and that the suit was barred by issues of comity.

---

[1] Brown Kaplar and Blayde Crockett joined in the original complaint as plaintiffs but have not appealed in this case.

On appeal plaintiff raises several constitutional issues; however, all of them are incorporated in the question of whether the district court properly dismissed the complaint.[2] We review the dismissal de novo, accepting the factual allegations as true and viewing them in the light most favorable to plaintiff. Fuller v. Norton,.86 F.3d 1016, 1020 (10th Cir. 1996). First, as to plaintiff's 42 U.S.C. § 1983 claims, we agree with defendants that this action interferes with a state lax levy, and thus federal courts' jurisdiction to hear such claims is barred by the Tax Injunction Act, 28 U.S.C. § 1341. Section 1341 provides: "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." Id. This statute prevents the federal courts from granting declaratory relief, see California v. Grace Brethren Church, 457 U.S. 393, 408 (1982); thus the district court properly dismissed plaintiff's claims for declaratory or injunctive relief involving state tax matters. See Brooks v. Nance, 801 F.2d 1237, 1239 (10th Cir. 1986). Further, although § 1341 does not on its face prohibit federal jurisdiction of damages claims, the doctrine of comity precludes federal district courts from exercising jurisdiction. Fair Assessment in Real Estate Ass'n v. McNary, 454 U.S. 100 (1981).

---

[2] Plaintiff also argues that documents ordered by the state court were inadmissible and that actions taken by the state court in the State of Utah were an abuse of process. Those issues were not before the district court; therefore we do not address them on appeal.

Whether plaintiff's claims under 42 U.S.C. §§ 1985 and 1986 are barred by the Tax Injunction Act and principles of comity is not so clear. We need not reach this issue, however, because plaintiff's § 1985 and § 1986 claims fail to state a claim upon which relief may be granted.

Under § 1985, a plaintiff must show defendants conspired to deprive him of equal protection or equal privileges, an act in furtherance of the conspiracy, and a resulting injury. Tilton v. Richardson, 6 F.3d 683, 686 (10th Cir. 1993), cert. denied, 114 S. Ct. 925 (1994). Reading the complaint liberally, Jones v. Cowley, 28 F.3d 1067, 1069 (10th Cir. 1994), plaintiff does not allege any facts showing that defendants singled him out for disparate treatment. He also failed to allege any class-based animus as required by § 1985. See Kush v. Rutledge, 460 U.S. 719, 725-26 (1983). Plaintiff's § 1986 claim fails because "there cannot be a valid claim under Section 1986 unless there is also a . . . valid Section 1985 claim." Taylor v. Nichols, 558 F.2d 561, 568 (10th Cir. 1977).

Finally, defendants assert that plaintiff abandoned the RICO claim by failing to raise it in his opening brief. Even if we do not deem the issue abandoned, the complaint fails to state a RICO claim upon which relief can be granted. "To survive a Rule 12(b)(6) motion, a civil RICO claim must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Cayman Exploration Corp. v. United Gas Pipe Line Co., 873 F.2d 1357, 1362 (10th Cir. 1989) (quotations omitted). "Racketeering activity" includes "(A) any acts or threat involving murder, kidnapping, gambling, arson, robbery,

bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical . . . which is chargeable under State law" as a felony or "(B) any act which is indictable" under specified United States Code Sections. 18 U.S.C. §1961(1). Plaintiffs failed to identify the alleged criminal conduct that comprised the "racketeering activity." Thus, we AFFIRM the district court's dismissal of plaintiff's complaint. Plaintiff's Motion for Partial Summary Judgment, filed with the Clerk of the Tenth Circuit Court of Appeals on September 5, 1996, is denied. His request for judicial notice is denied as not relevant to the court's decision.

The mandate shall issue forthwith.

Entered for the Court

James K. Logan
Circuit Judge